## Dora Wolkau, Appellant, v. Fred Wolkau, Sr., Appellee.

SEPARATE MAINTENANCE—*proper practice where bill is multifarious.* Where a bill for separate maintenance attempts to raise questions as to ownership and right of possession of property in no way connected with the action, it is proper for the court to dismiss that portion of the bill without prejudice.

Separate maintenance. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed October 18, 1910.

JOHN E. POLLOCK, for appellant.

HART & FLEMING and MARTIN BRENNAN, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Appellant commenced action for separate maintenance against appellee in the McLean Circuit Court. The cause was referred to a master; the master made his report of findings of law and fact, and exceptions were taken to his report. Upon the hearing before the chancellor the master's report was approved, and the bill was dismissed for want of equity. Appellant prosecutes her appeal to this court to reverse that decree.

In the bill filed in this cause appellant charges appellee with being guilty of extreme and repeated cruelty and for violating his marriage obligation by being criminally intimate with other women.

The evidence in this case as taken before the master is quite voluminous and after a careful consideration of the same we find that while the appellant has testified to numerous acts of extreme and repeated cruelty these were each and all of them specifically denied by the appellee and there is no evidence in the record corroborating appellant by any persons who actually saw any acts of violence committed. While it is true appellant showed bruised spots and other indications of rough treatment to her, which she informed the witnesses were caused by appellee, none of these witnesses ever saw any of the acts committed or know anything about it other than that told by appellant.

There is one instance particularly where one witness testified that appellee threw a bucket at appellant but it did not hit her and she was not injured thereby. He used improper language towards her and talked to her in a manner unbecoming that of a husband, but the evidence further discloses that appellant was continually nagging at appellee and on various occasions used language that actually intended to provoke the outbursts on the part of appellee, and we cannot say that the findings of the master and the decree of the chancellor upon the question of the extreme and repeated cruelty is unwarranted by the evidence, and we are not able to say that the finding is

manifestly and clearly against the weight of the evidence in this cause.

Upon the charge of adultery contained in the bill, there is no evidence even tending to show any improper relations with more than one woman and while it is shown that he frequently visited this woman and while he was away from appellant spent considerable of his time at her home, that he at one time purchased a piano for her, that by reason of the serious objections urged and insisted by the daughter of appellant, the piano was taken from the woman and returned to the parties from whom it was purchased, and while his acts cast a very serious suspicion upon his conduct, we are not prepared to say that upon this question the finding of the master and the decree of the chancellor is manifestly against the clear weight of the evidence in this cause as all acts charged are specifically denied by appellee and we do not feel justified or warranted in setting aside the decree of the chancellor on either of these charges.

The master in his findings found that appellant was not living separate and apart from appellee without fault on her part, and from the mass of evidence taken in this case, showing the relations that existed between these parties, their conduct towards each other, we are not prepared to say that this finding is not warranted by the evidence.

The bill besides charging appellee with improper relations and conduct, contained averments that he was in possession of and had been for more than twenty years in possession of and received rents and profits of certain premises belonging to appellant and asked for an accounting between appellant and appellee concerning this property. The chancellor in his decree found that in this respect the bill was multifarious and refused to entertain jurisdiction or hear any evidence regarding the possession or rights of the parties concerning this property and dismissed the bill as regards all allegations concerning the rights

or interest of the parties to this property without prejudice for the reason that the rights and interests of the parties concerning this property were not germane to the action for separate maintenance. The principal relief being sought by this bill was for separate maintenance and the question as to whether or not the property over which the questions were attempted to be raised as to ownership and right of possession and rents and profits were in no way connected with the action for separate maintenance and sustained no relation thereto and in this respect the bill was multifarious and the chancellor was not only justified but it was the proper practice to dismiss that portion of the bill without prejudice and in entering that order the chancellor committed no error, and upon this whole record we are not prepared to say and do not feel justified in finding that the chancellor erred in any respect in entering the decree in this cause and it is, therefore, affirmed.

*Affirmed.*