## Mary E. Ross, Appellee, v. Frank H. Ross, Appellant.

### Gen. No. 16,954.

1. SEPARATE MAINTENANCE—*temporary alimony.* An order to pay temporary alimony must be based on a showing that the husband's financial ability and circumstances are such that he can pay the amount ordered.

2. SEPARATE MAINTENANCE—*temporary alimony.* Where a bill for separate maintenance alleges that defendant is possessed of property worth $100,000, with an annual income of at least $10,000, and states no evidentiary facts to support the conclusion, and the affidavits of defendant state that he has no property, that there are numerous judgments against him and that he has no income except what he earns as a real estate agent, which does not exceed $40 per month, there is not a sufficient showing to support an order that defendant pay $50 per month temporary alimony.

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1910. Reversed. Opinion filed March 4, 1913.

STEDMAN & SOELKE, for appellant.

No appearance for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellee as complainant filed her sworn bill in the Circuit Court for separate maintenance against the appellant; on her motion the court ordered that defendant pay her fifty dollars per month as temporary alimony, and from that order defendant appealed.

The motion was supported only by the sworn bill and in opposition thereto were read affidavits of the defendant. The bill alleged that the defendant was possessed of or entitled to the possession of real and personal estate of the value of one hundred thousand dollars and that his annual income was at least ten thousand dollars. The bill stated no evidentiary fact

tending to warrant or support the conclusion stated as to the amount of defendant's estate or income.

The affidavits of the defendant stated that he was badly injured in a railroad wreck three years before the filing of the bill and since that time had been unable to perform any manual labor; that there were numerous judgments against him in the Municipal Court, and that he had no property, real or personal, and no income except what he earned as a real estate agent in collecting rents, which did not exceed $40 per month.

An order to pay temporary alimony must be based on a showing that the financial ability and circumstances of the husband are such that he can pay the alimony he is ordered to pay.

We do not think that it appears from the affidavits in this case that the defendant was able to pay the alimony he was ordered to pay, and the order appealed from is therefore reversed.

*Order reversed.*