that he believed the witnesses were out of the State and that, therefore, the misrepresentations to the court were not wilful, but were based upon the belief that the prosecuting witnesses in the Flannery cases had left the city with the intention of not returning. Plaintiff in error in his testimony, which was equivalent to a sworn answer, specifically denied the facts upon which the charge against him was founded, and he should have been discharged, for his answer presented an issue of fact which could not be tried by the court in a proceeding of this character.

In our opinion the judgment is erroneous and must be reversed.

*Reversed.*

---

## Margerete Hengen, Appellee, v. Gustave B. Hengen, Appellant.

### Gen. No. 20,981.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed. Opinion filed March 23, 1915. Rehearing denied April 8, 1915.

### Statement of the Case.

Proceeding by Margerete Hengen, plaintiff, against Gustave B. Hengen, defendant, to compel the payment of a money decree for the payment of alimony.

The evidence and pleadings disclose that in a separate maintenance proceeding brought by plaintiff against defendant, an order was entered July 14, 1911, requiring the appellant to pay the sum of $150 a month temporary alimony and $200 solicitor's fees. From

that order an appeal was taken by the defendant to this court and an appeal bond was given in the sum of $2,000. The order was affirmed by another branch of this court at the October Term 1913 (182 Ill. App. 25). On November 11, 1913, the affirmance of the Appellate Court was filed in the Circuit Court and on the same day notice was given to the appellant's solicitor and an affidavit of complaint filed showing that none of the instalments of alimony nor solicitor's fees had been paid, and that there was due under the order of July 14, 1911, $4,250. On November 17, 1913, it was ordered that the defendant should show cause why he should not be punished for contempt for failure to make payment of alimony and solicitor's fees. On April 27, 1914, the defendant was brought before the bar of the court, and he was again ruled to show cause forthwith why he should not be committed to the jail of Cook county for contempt of court in failing to pay alimony in the sum of $4,250, as required by the order of July 14, 1911. Thereupon the defendant was placed upon the witness stand and examined in the presence of the court and cross-examined by counsel for complainant and by the court.

The appellant testified that he was not in a position to pay the alimony awarded and had not been at any time since the order was entered; that he had had various amounts of money since the order was made, sometimes up to $1,500 possibly, but he had used the money to pay living expenses, office expenses and pay interest on his indebtedness, which amounted to $90,000. He further testified that he had no income from any source; that he was not employed on salary; that he was a promoter; that no interest had been paid on any of the securities which he owned. The appellant further testified that on that day he was in position to pay $700 or $750 on the alimony decree and not fail on other indebtedness which he owed and which was due.

He further testified that the complainant had $1,600 in money which he had given her and she had loaned the money; that she also had $50,000 of stock which he had given her and which could be sold readily for $15,000. Appellant was adjudged in contempt and ordered to be committed to jail for six months or until he shall have paid the sum of $4,250 to complainant or be released by due process of law. To reverse the judgment, defendant prosecutes this appeal.

E. G. LANCASTER, for appellant.

MANIERRE & PRATT, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

DIVORCE, § 121*—*when commitment for failure to pay alimony and solicitor's fees improper.* Where the evidence shows that a defendant against whom temporary alimony and solicitor's fees have been awarded in a proceeding for separate maintenance has failed to pay them from pecuniary inability and not from wilfulness, an order adjudging him in contempt and committing him to jail until the amounts decreed shall have been paid will be reversed.

GRIDLEY, J., dissenting.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.