## In re Estate of Charles Spohr, Deceased.
## On Appeal of Julia E. Spohr, Appellant, v. Adolph L. Kraus, Executor, Appellee.

### Gen. No. 21,373.

1. HUSBAND AND WIFE, § 223*—*when recital in decree not part of contract.* The recital in a decree for separate maintenance that the wife is thereby barred of dower does not constitute such recital a part of a contract entered into between the husband and wife before the entry of such decree for the conveyance of certain property to the wife.

2. HUSBAND AND WIFE, § 255*—*what extent of jurisdiction to decree separate maintenance.* A court of chancery has no power to decree separate maintenance independently of the authority conferred by statute.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. DOWER, § 62*—*when decree for separate maintenance cannot bar right.* A court of chancery granting a decree for separate maintenance has no power to incorporate therein a provision barring the wife's right of dower.

Appeal from the Circuit Court of Cook county; the Hon. JOHN McNUTT, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded. Opinion filed January 3, 1916.

WILLIAM A. CONOVER, for appellant.

GEORGE A. MILLER, for appellee; OSCAR HEBEL, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

The question presented by this record is whether the appellant, Julia E. Spohr, is entitled to a widow's award as the widow of her deceased husband, Charles Spohr. The parties were married in 1857, and Charles Spohr was a resident of Cook county at the time of his death in 1912. He died testate but made no provision for his widow in his will. He left personal estate amounting to $3,000 and also real estate.

The Probate Court dismissed appellant's petition for the allowance and appraisement of a widow's award. On appeal by her to the Circuit Court that court gave judgment that "appellant take nothing by her aforesaid action and that the Estate go hence without day" and for costs. The facts which the Circuit Court held barred the widow from claiming a widow's award are that she in 1888 in the Superior Court filed a bill for separate maintenance; that after the filing of the bill her husband conveyed to her a life estate in property 128-30 Siegel street; that June 27, 1888, the parties entered into a written contract reciting the making of said conveyance, and that by a decree to be entered in said cause for separate maintenance it is provided that Julia E. Spohr is to be

forever barred of all "right, title, claim or interest, whether of homestead, dower or otherwise, in and to all the other property of Charles Spohr"; that June 29, 1888, a decree was entered in said separate maintenance suit; this decree recites the conveyance to Mrs. Spohr of the Siegel street property and further recites that the same is accepted by Mrs. Spohr "in lieu of all her dower and right of dower, homestead rights, or other claims in or to all other property whereof the defendant is now or may hereafter be seized," and decrees *inter alia* "that the complainant is not entitled to and she is hereby forever barred of all right, title, interest or dower or right of homestead or claim of any nature in the other property whereof the said defendant is now seized and in any property whereof the defendant may hereafter become seized; and the said defendant shall hold, possess and enjoy such other property with the full power to incumber and dispose thereof to all intents and purposes as if he were sole and unmarried." Mrs. Spohr lived on the property so conveyed to her until 1905, when the City of Chicago took possession thereof for school purposes. Her life estate in the property was sold in 1897 on an execution issued on a judgment against her, and the purchaser in 1904 conveyed the same to Catherine Spohr, the daughter of Julia E. Spohr. The city condemned the property and paid the compensation awarded, $6,750, to the county treasurer, for the benefit of the parties interested in the premises, and the Superior Court, by a decree, required the county treasurer to pay said money to the State Bank of Chicago to be invested in interest bearing securities and to pay the income to Catherine Spohr during the lifetime of Mrs. Spohr, upon whose death the principal was to be divided among the four heirs. No minor child of the deceased was living with Mrs. Spohr at the time of her husband's death.

It will be noticed that there was no contract between

Spohr v. Kraus, 197 Ill. App. 348.

the parties providing that the conveyance of the life estate in the Siegel street property accepted by Mrs. Spohr was in lieu of dower, homestead rights or other claims in the property of which her husband was or might thereafter be seized; but the decree recites that there was such an agreement and declares that she was "hereby"—that is in and by the decree—forever "barred of all right, title, interest or dower or right of homestead or claim of any nature" in her husband's property. This recital in the decree did not make the provision so recited a part of the contract.

The only question presented by ₁ this appeal is whether the decree for separate maintenance is a bar to the claim of Mrs. Spohr to a widow's award in the estate of her deceased husband. If the Superior Court had power to make that part of the decree above quoted, Mrs. Spohr is barred, but if not, her right to an award is unaffected by it. A Court of Chancery has no power to grant divorces or to decree separate maintenance independent of the statutes on that subject. In England the ecclesiastical courts had exclusive jurisdictioin to grant divorces *a mensa et thoro* and Parliament alone had the power to dissolve the marriage contract absolutely. We must have recourse to the statutes, then, for the power exercised by the Superior Court, if it exists. The provision in relation to separate maintenance is section 1 of the act in relation to married women of 1877, Hurd's Statutes, Ed. 1913, p. 1364 (J. & A. ¶ 6159), which provides: "That married women, who, without their fault, now live or hereafter may live, separate and apart from their husbands, may have their remedy in equity in their own names, respectively, against their said husbands in the Circuit Court of the county where the husband resides, for a reasonable support and maintenance, while they so live or have so lived separate and apart." It will be seen, first, that a separation, a living

apart from her husband, is not necessarily a complete and final separation of the parties; the allowance is to the wife while they live separate and apart and a reconciliation is contemplated. And, second, that the allowance directed to be paid is not a final disposition of the property of the husband between himself and wife, but is, on the contrary, a temporary provision for her support elsewhere than in her husband's home until they are reconciled. The statute does not in terms authorize the court to make any decree affecting the right to a widow's award. The parties did not in this case, as in *Kroell v. Kroell,* 219 Ill. 105, jointly contract that each released all interest in the property of the other, renouncing all claims in law or equity of curtesy, dower, homestead, survivorship or otherwise, and the contract cannot therefore be said to release or bar the widow's award. It would be wholly inconsistent with the provisions and policy of the statute to authorize a decree which would determine the rights of a wife in the estate of her husband by giving a share of it in lieu of her dower, distributive share, and widow's award. We find no precedent or authority for any such decree. *Crain v. Cavana,* 36 Barb. (N. Y.) 410; *Crain v. Cavana,* 62 Barb. (N. Y.) 109; *Hakamp v. Hageman,* 36 Md. 511.

We hold that by the contract in question appellant did not release her right to her widow's award, and that a decree for separate maintenance does not bar her of her right to her widow's award; and that the Probate Court was in error in dismissing her petition for the allowance and appraisement of a widow's award, and the Circuit Court was in error in rendering a judgment of *nil capiat* against her.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*