## Annie Mueller, Appellee, v. Frank M. Mueller, Appellant.

### Gen. No. 22,417.

1. EQUITY, § 547*—*what essential to affirmance of decree.* In chancery cases, the party in whose favor a decree granting relief is entered must preserve the evidence by a certificate of evidence or otherwise, or the decree must find the specific facts, proved at the hearing, and a recital of legal conclusions in the decree is not sufficient.

2. DIVORCE, § 121*—*what showing necessary for contempt order for failure to pay alimony.* An order finding a husband in contempt for failure to pay alimony must be based on a showing that the husband's financial ability and circumstances are such that he can pay the amount ordered.

Appeal from the Circuit Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded. Opinion filed November 27, 1916.

SALTIEL & ROSSEN, for appellant; AXEL F. LIDMAN, of counsel.

GUY H. POWELL, for appellee; ARTHUR B. CLEMENTS, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This is an appeal from an order finding appellant guilty of contempt for failure to pay alimony and committing him to jail.

The decree recites that the court heard testimony produced on behalf of the complainant and defendant. This testimony has not been preserved in the record before us and the decree contains no findings of fact. The argument therefore is that as there should be no imprisonment for contempt for failure to pay alimony where it is shown that "his disobedience had not been wilful, but was solely on account of his pecuniary inability, or some other misfortune over which he had no control" (*O'Callaghan v. O'Callaghan,* 69 Ill. 552), and as the record is silent on this point there must be a reversal. We regard this contention as sound. It is the well-settled rule of practice in chancery cases that the party in whose favor a decree granting relief is entered must preserve the evidence by a certificate of evidence or otherwise, or the decree must find the specific facts that were proven on the hearing. It is also the rule that a recital of legal conclusions in the decree is not sufficient. *Village of Harlem v. Suburban R. Co.,* 202 Ill. 301; *Mitchell v. Mitchell,* 263 Ill. 165, and cases cited. The décree before us contains no finding of facts and is wholly silent as to defendant's pecuniary ability to obey the order of court.

It has been frequently held in this State that an order finding the husband in contempt for failure to pay alimony must be based on a showing that the husband's financial ability and circumstances are such that he can pay the amount ordered. As was said in *Blake v. People,* 80 Ill. 11:

"Where the neglect or refusal to perform the decree is not from mere contumacy, but from the want of means, the result of misfortune, not induced by any fraudulent conduct on the part of defendant, the party will be compelled to adopt some mode other than imprisonment, to enforce the decree."

See also, the *O'Callaghan* case, *supra; Hengen v. Hengen,* 192 Ill. App. 151; *Ross v. Ross,* 177 Ill. App. 542; *Schuele v. Schuele,* 57 Ill. App. 189; *Wightman v. Wightman,* 45 Ill. 167.

For the reason that there is no showing to this court that the defendant was able to pay the alimony he was ordered to pay, the order appealed from is reversed and the cause remanded.

*Reversed and remanded.*