Victoria Petta, Originally Suing as Victoria Patti, Appellant, v. Frank Petta, Originally sued as Frank Patti, Appellee.

Gen. No. 42,248.

Heard in the second division of this court for the first district at the April term, 1942. Opinion filed February 10, 1944.

SOL I. DVORKIN and MORRIS ARONSON, both of Chicago, for appellant.

SIEGAN & RUBINOFF, of Chicago, for appellee; HAROLD A. SIEGAN and N. ARTHUR RUBINOFF, both of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Victoria Petta filed a complaint against her husband, Frank Petta, charging desertion and adultery and asking for separate maintenance. The husband filed an answer to the complaint, also a counterclaim, in which counterclaim he charged desertion and asked that the marriage be dissolved. Plaintiff appeals from certain parts of the decree entered in the cause. Defendant has not appealed from any part of the decree and he here defends the decree.

The complaint charges that defendant, without any reasonable cause and without fault on the part of plaintiff, deserted her continuously from 1938 to the date of the filing of the complaint, January 5, 1940. It also charges that defendant, since August 18, 1938, has been living in an open state of adultery with one Mary Doe. The answer of defendant denies the allegations of the complaint in reference to desertion and adultery and in his counterclaim he charges that plaintiff deserted him without any reasonable cause, and he asks that the marriage between the parties be dissolved.

The record contains no report of proceedings, and this appeal is based upon the common law record. The following decree was entered:

"This cause coming on to be heard upon the complaint, answer, counterclaim, and answer to counterclaim, heretofore filed, both parties being present in open court, and being respectively represented by Counsel, and the court having heard witnesses and testimony submitted on behalf of each of said parties, and having heard the arguments of Counsel and being fully advised in the premises, Finds:

"1. That this Honorable Court has jurisdiction of the subject matter and of the parties hereto.

"2. That the plaintiff, Victoria Petta has proved the allegations of her complaint pertaining to allegations of adultery and desertion as therein contained.

"3. That the defendant and counter-plaintiff Frank Petta has not proved the allegations in his counter-complaint.

"4. That the parties hereto, namely Victoria Petta and Frank Petta are owners as joint tenants of the premises commonly known as 912 Sedgwick Street, and 922 Sedgwick Street, Chicago, Illinois and Legally described as follows: [Here follows description.]

"5. That George Petta, minor child of the parties hereto, has liberated and emancipated himself from further parental care and is no longer dependent upon his parents for support and care.

"It Is Therefore Ordered, Adjudged and Decreed as follows:

"a) That the counter-complaint of Frank Petta in said cause be dismissed.

"b) That the complaint of Victoria Petta for Separate Maintenance be sustained.

"c) *That Frank Petta forthwith and hereby deliver unto Victoria Petta all his right title and interest in and to the premises known as 912 N. Sedgwick Street and legally described as, [here follows description]. That said Frank Petta remove and pay any and all liens and encumbrances that exist on said parcel of real estate except the existing mortgage and unpaid taxes, and that he especially remove the clouds on title to said parcel by reason of a Sales Tax Lien in favor of the State of Illinois and a Surety Bond to the United States, now therein, within 120 days from date hereof.*

"d) *That Victoria Petta, forthwith and hereby deliver unto Frank Petta all her right title and interest in and to the premises known as 922 N. Sedgwick Street and legally described as, [here follows description].*

"e) That the defendant Frank Petta pay unto Victoria Petta the sum of $50.00 as additional attorneys and solicitors fees due to her attorneys Sol I. Dvorkin and Morris Aronson for services rendered by them on the Plaintiff's behalf payable in equal monthly

installments within 30 days and 60 days from the date hereof.

"f) That the Plaintiff Victoria Petta and Minor Child George Petta be and they are hereby denied any and all right to alimony, support money, dower or coverture of and from the defendant Frank Petta.

"It Is Hereby Further Ordered Adjudged and Decreed, that the Plaintiff Victoria Petta and the Defendant Frank Petta both be and each of them is hereby enjoined from in any way interfering with the actions of the other." (Italics ours.)

Plaintiff appeals, *inter alia,* from that part of the decree that we have italicized and contends that in a separate maintenance suit in this State the trial court is without power to adjudicate the property rights of the parties, and calls our attention to the fact that neither plaintiff, in her complaint, nor counterplaintiff, in his counterclaim, asked for an adjudication of the property rights of the parties. Plaintiff concedes that had the prayer of the counterplaintiff for a divorce been allowed there would be no question that the property rights of the parties could have been adjudicated, but that the decree dismissed the countercomplaint and sustained the complaint for separate maintenance.

Defendant contends that "in a suit for separate maintenance, the Court may adjudicate the property rights of the parties in the same action."

Many years ago our Supreme Court, in *Ross v. Ross,* 69 Ill. 569, stated the reason for the passage of the Separate Maintenance Act of 1867 and the purposes of the Act in the following language (pp. 571, 572):

"Notwithstanding the common law imposed the duty upon the husband to provide the wife with necessaries suitable to their condition in life, and the obstacles which, from special circumstances, sometimes lay in the way of its enforcement, still, courts of equity, though recognizing the common law duty, almost universally refused to take jurisdiction and enforce

specific performance of it, but left the wife to her common law remedy. . . .

"Now, it was the inadequacy of the common law remedy, and the refusal of courts of equity to take jurisdiction for the enforcement of the husband's duty to furnish support and maintenance for his wife, that induced the legislature to pass the act of 1867, providing that married women who, without their fault, are living separate and apart from their husbands, may have their remedy in equity, in their own respective names, against their respective husbands, for a reasonable support and maintenance, to be allowed with reference to the condition of the parties in life and the circumstances of the respective cases.

"In construing this act, the court must have regard to the common law duty or obligation of the husband to support and maintain his wife, the remedy afforded by that law, its defects and inadequacy under many circumstances, and the remedy proposed by the statute, and it is the duty of the court to so construe the act as to suppress the mischief and advance the remedy. The object of the statute is apparent on its face. It is to confer jurisdiction upon the court of equity to enforce the common law duty of the husband to furnish support and maintenance for the wife suitable to the condition of the parties in life, upon her application, in all cases where she is living separate and apart from him without her fault, or, in other words, under such circumstances as would enable her to avail herself of the common law remedy of obtaining such support upon the credit of her husband."

In *McAdams v. McAdams,* 267 Ill. App. 124, the First Division of this court held that the Separate Maintenance statute does not grant to the trial court the power to settle property rights between the parties.

In *Pearsons v. Pearsons,* 282 Ill. App. 92, in passing upon the question now before us, we stated (p. 108): "In a suit for separate maintenance the court is with-

out power to adjudicate the parties' property rights unrelated to the statutory object and purpose of the proceedings. (*Wolkau v. Wolkau,* 158 Ill. App. 341, 343, 344; *McAdams v. McAdams,* 267 Ill. App. 124, 130, 132, 133; *Spohr v. Kraus,* 197 Ill. App. 348, 351, 352.) The divorce statute gives power to settle property rights where a divorce is allowed, but the separate maintenance statute grants no such power. The purpose of the separate maintenance act (1933) was to provide for married women 'who, without their fault, now live or hereafter may live separate and apart from their husbands, . . . a reasonable support and maintenance while they so live or have so lived separate and apart.' " We sustained the contention of the defendant in that case that the trial court erred in adjudging in the decree that the plaintiff retain her dower rights in and to all defendant's real estate which he owned at the time of the marriage.

Defendant in the instant case calls our attention to the fact that in *Glennon v. Glennon,* 299 Ill. App. 13, we held that in a separate maintenance proceeding the plaintiff may have her property rights adjudicated in such proceeding. Our ruling in that case was based upon the assumption that *Decker v. Decker,* 279 Ill. 300, was a case directly in point, wherein it was held that the husband and wife in a separate maintenance suit are entitled to have their equities settled in the property held by both, jointly and separately. However, a careful analysis of the *Decker* case satisfies us that it cannot be considered an authority that decides the question before us. In the *Decker* case the plaintiff, in her bill for separate maintenance, asked for a settlement of the property rights of the parties and for an accounting between them. The defendant in his answer (see p. 303) not only did not question the right or power of the court to decree a settlement of the property rights of the parties and an accounting, but he apparently was satisfied to have said rights deter-

mined in that proceeding, and during the trial both parties offered evidence in support of their respective claims. The defendant did not appeal from the decree and the complainant, who appealed, raised only four questions (pp. 307, 308): "(1) The court erred in not awarding to her the amberola, an Edison musical instrument; (2) in refusing to decree that appellee transfer to her the seven shares of bank stock in his name, purchased with her funds; (3) in failing to set aside the deed to appellee to the Star Theater building; and (4) in not decreeing further specific alimony for her maintenance and support." The Supreme court refused to set aside the deed to the Star Theater building because the evidence sustained the decree that the husband was equitably entitled to hold it as his property because his money paid for it. It clearly appears that the question as to whether the trial court had the power to settle the property rights of the parties was not raised in the trial court nor the Supreme Court, and it is equally clear that both parties were satisfied to have their property rights settled in that proceeding. Defendant in the instant case relies upon the following language in the opinion (pp. 308, 309):

". . . It is also a rule of equity in such cases that the wife shall not be put in a worse condition by reason of her marriage, *the dissolution* of which has been caused by her husband's willful misconduct. 'Equity and good conscience require that the husband shall not profit by his own wrong, and that restitution shall be made to the wife of the property which she brought to the husband, or a suitable sum in lieu thereof be allowed out of his estate, so far as may be done consistently with the preservation of the rights of each, and also that a fair division shall be made, taking into consideration the relative wants, circumstances and necessities of each, of the property accumulated by their joint efforts and savings.' (*Cole v. Cole*, 142 Ill. 19.) If the wife has no claim for separate maintenance

or alimony except the existence of the marriage relation and the husband's fault, an allowance should be paid in money at stated intervals. If either or both have equitable rights in a piece of real estate or a chattel, other than through the marriage relation, by reason of their having purchased or contributed to the purchase or accumulation thereof, the court may decree equities to both in such property or award it to the one who purchased it outright or award other property in lieu thereof. (*Champion v. Myers,* 207 Ill. 308; *Robbins v. Robbins,* 101 id. 416; *Wilson v. Wilson,* 102 id. 297.) The sum and substance of the various holdings is that the wife shall not merely have what necessity demands but what complete justice requires, and that both the husband and the wife are first entitled to have their equities settled in the property held by both, jointly and separately. If all the property, or any part thereof, came to them by the sole efforts of the one or the other, then such party is entitled to have that property by the decree of the court, or some property the equivalent thereof, or money of the value thereof.'' (Italics ours.)

Each of the four cases cited by the court in the aforesaid language involved a divorce proceeding, and the language used, part of it quoted from one of the cases, was clearly applicable to divorce proceedings, but in our judgment it should be considered as mere *obiter dictum* as applied to a separate maintenance proceeding. In the instant case, had the parties agreed to have their property rights determined, a different question would have been presented.

The instant defendant insists that *Spalding v. Spalding,* 361 Ill. 387, sustains the text in *Decker v. Decker, supra.* In the *Spalding* case the wife, in her cross-bill, asked for separate maintenance, but later the trial court granted her leave ''to amend her cross-bill by striking out the prayer for separate maintenance and substituting therefor a prayer for divorce.'' (p. 389.)

In *McFarlin v. McFarlin,* 384 Ill. 428, 430, the court said:

"Courts of equity have no inherent power in cases of divorce. The jurisdiction of such courts to hear and determine divorce matters is conferred only by statute. While such courts may exercise their powers within the limits of the jurisdiction conferred by the statute, the jurisdiction depends upon the grant of the statute and not upon general equity powers. *Johnson v. Johnson,* 381 Ill. 362; *Smith v. Smith,* 334 Ill. 370." While the foregoing statement refers only to the divorce statute, the principles announced apply with equal force to the Separate Maintenance Act. As the Separate Maintenance Act does not grant the courts the power to determine property rights in proceedings brought under the Act the courts cannot enlarge the power given by resorting to their general equity powers in proceedings brought under the Act.

The argument that it is unfair that a wife who seeks separate maintenance, only, cannot have her property rights settled in that proceeding, might properly be made to the legislature, but not to the courts.

In *McAdams v. McAdams, supra,* the court aptly states (pp. 131, 132):

"That the proceeding for separate maintenance is essentially different from a proceeding for divorce appears from an examination of the respective statutes. The fundamental difference is that a decree of divorce sunders and ends the marriage relationship. A decree for separate maintenance continues the marriage relationship. The purpose of the separate maintenance statute seems to have been to grant to married women living separate and apart from their husbands without fault an action in equity which would remedy the defects of the common law in that regard. *Ross v. Ross,* 177 Ill. App. 542. A complainant who has secured a decree of separate maintenance may merely by resuming marital relations abrogate the decree. *Newman v.*

*Newman,* 240 Ill. App. 193. The divorce statute gives power to settle property rights only in case a divorce is awarded. The separate maintenance statute does not mention or grant such power. The omission is significant and persuasive.''

But it must be remembered that a wife, living apart from her husband, can have their property rights settled, *in an apt proceeding.* In *Kartun v. Kartun,* 347 Ill. 510, the wife was living separate and apart from her husband although she never filed a suit for separate maintenance, and it was held that in a bill she filed against her husband for partition of certain real estate and for an accounting she was entitled to relief.

After a careful consideration of the instant contention raised by plaintiff we have reached the conclusion that the contention is a meritorious one and that the trial court erred in incorporating in the decree the parts that we have italicized.

Plaintiff contends that the trial court failed to grant her separate maintenance. Defendant answers this contention with the statement that the chancellor gave her certain property which he considered would give her an income sufficient to support her and at the same time she would have the right to occupy one of the flats in the property as her home, and that it was for this reason that he denied her support money. It is a sufficient answer to this statement to say that in view of our holding that the chancellor had no power to settle the property rights of the parties it will now be necessary for the trial court to pass upon the question as to what support money, if any, plaintiff should be allowed.

Plaintiff has heretofore made a motion to strike certain parts of defendant's brief upon the ground that the matters in the said parts are not based upon the record, which motion was reserved to hearing. The motion is a meritorious one and we feel impelled to

say that we have seldom, if ever, had before us a case wherein one of the parties so boldly stated alleged facts and happenings that were not supported by the record, but it might delay the determination of this cause to allow the motion at this time, and it is for that reason only that we deny it.

The decree of the superior court of Cook county is affirmed save in the following parts: That part of the decree which we have italicized, is reversed; also that part of the decree denying plaintiff any or all right to alimony, support money, dower or coverture of and from the defendant, Frank Petta, is reversed; and the cause is remanded for the sole purpose of determining what support and maintenance money, if any, plaintiff should be allowed.

*Decree affirmed in part, reversed in part, and remanded with directions.*

FRIEND, P. J., and SULLIVAN, J., concur.