Dorothy Ann Brand, Plaintiff-Appellee, v. Horace
Louis Brand II, a/k/a Horace L. Brand, Jr.,
Defendant-Appellant, and Philip Virgil Brand,
Individually and as Executor of the Estate of
Horace Louis Philip Brand, Deceased, Defendant.

**Gen. No. 49,776.**

First District, Fourth Division.

October 21, 1964.

Peterson, Lowry, Rall, Barber & Ross, of Chicago (Harold W. Huff, Walter P. Steffen and Peter M. Sfikas, of counsel), for Horace L. Brand, Jr., appellant.

Simon Herr, of Chicago, for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff, in her amended complaint, seeks to plead a cause of action against her husband for support and maintenance. The defendant was not personally served nor did he submit himself to the jurisdiction of the court. It is alleged in plaintiff's complaint, however, that the defendant's deceased father left his son a substantial amount of real and personal property located in Illinois, and that the estate is presently being probated in the Probate Division of the Circuit Court. Based upon the complaint and a sworn petition, the trial court appointed a receiver for the defendant's interest in this estate in the expectation that it would be applied toward whatever plaintiff might be awarded for support and maintenance on final disposition of the basic cause of action. Defendant appeals from the interlocutory order appointing a receiver.[1]

Defendant sets forth three grounds for reversal. First, that the trial court was without jurisdiction to grant the ultimate relief prayed for, and, in consequence, was without jurisdiction to order the ancillary receivership. Second, that the order itself is fatally defective because it was not based upon a sufficient showing that the estate was in immediate danger of

---

[1] The executor of the estate was also made defendant in the amended complaint, but has not taken part in this appeal.

being dissipated. And, third, that the order is fatally defective because it excuses bond without stating facts or reciting the specific reason for excusing bond. As this case may be disposed of upon consideration of defendant's first contention, it will not be necessary to discuss his last two points, although we believe that they too are meritorious.

The parties agree that neither is a resident of the State of Illinois. Under the Illinois Statute for Separate Maintenance, it is a jurisdictional requirement that at least one of the parties to the suit reside in this state.[2] Babbitt v. Babbitt, 69 Ill 277; Briney v. Briney, 223 Ill App 119. Since, therefore, the court is without jurisdiction to decree the ultimate relief of separate maintenance, it is necessarily without the power to order relief which is merely incidental thereto by appointing a receiver. Steenrod v. L. M. Gross Co., 334 Ill 362, 166 NE 82.

It is urged by plaintiff, however, that her complaint is not governed by the Illinois Statute for Separate Maintenance. Rather, it is plaintiff's contention that this is a quasi-in rem action based upon the court's general equity powers and its jurisdiction over the property in the estate. However, a quasi-in rem complaint, no less than one based upon personal jurisdiction, must of necessity rest upon a good cause of action. At common law, there is no cause of action allowing a wife to sue her husband directly for support and maintenance. Van Dolman

[2] Ill Rev Stats (1963), c 68, § 22 provides in pertinent part: Married men or women who, without their fault, now live or hereafter may live separate and apart from their wives or husbands may have their remedy in equity, in their own names, respectively, against their said wives or husbands in the Circuit Court of the county where the wife or the husband resides, for a reasonable support and maintenance while they so live or have so lived separate and apart.

v. Van Dolman, 378 Ill 98, 102, 37 NE2d 850. In Illinois, such action is governed exclusively by statute. Tarvid v. Tarvid, 10 Ill App2d 153, 134 NE2d 525. As our statute integrates with the relief afforded a requirement of residence, we may not assume that a remedy under any lesser jurisdictional test was intended or would be tolerated.

Plaintiff further points out that she has been unable, thus far, to obtain personal service of process on defendant either here or in Colorado (where plaintiff and defendant resided as husband and wife) because he has secreted himself in places unknown to plaintiff; and that Illinois is the only state, by virtue of its jurisdiction over the property in question, which may grant to her and the children their needed support. As we have already stated, however, the Illinois courts are without power to deal with the equities of this situation, since the law is clearly stated otherwise in statute and previous decisions. We are, therefore, bound to reverse the order appointing a receiver for lack of jurisdiction.

Reversed.

DRUCKER and McCORMICK, JJ., concur.