T.C. Memo. 1997-228


UNITED STATES TAX COURT


MICHAEL G. CORREALE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26760-95.                    Filed May 13, 1997.


Michael G. Correale, pro se.

<u>Janet J. Johnson</u>, for respondent.


MEMORANDUM OPINION


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1994.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1994 Federal income tax in the amount of $1,193.

The issue for decision is whether petitioner is entitled to dependency exemption deductions for two of his four children listed as dependents on his 1994 Federal income tax return. The resolution of this issue depends upon whether petitioner was legally separated from his spouse under a decree of separate maintenance as of the close of 1994.

Background

The case was submitted fully stipulated. The stipulated facts are incorporated in our findings by this reference. At the time that the petition was filed in this case, petitioner resided in Fairview Heights, Illinois.

On August 9, 1974, petitioner married Pamela M. Correale (Mrs. Correale). There were four children born of the marriage: Natalyne, Christian, Michael, and Robert. During 1994 petitioner, Mrs. Correale, and their four children resided together at 9 Metcalf Drive, Belleville, Illinois, (the marital residence) from January through August. Petitioner paid all of the mortgage and insurance expenses of the marital residence and contributed more than one half of the support of all four of his children for 1994.

In May 1994 petitioner and Mrs. Correale petitioned the Circuit Court of the Twentieth Judicial Circuit in St. Clair

County, Illinois, (the circuit court) for dissolution of their marriage pursuant to 750 Ill. Comp. Stat. Ann. 5/401 (West 1996 Supp.). On August 24, 1994, in response to some type of application for relief filed by Mrs. Correale, the circuit court issued an order (the interim order) which at least: (1) Required petitioner to vacate the marital premises by August 31 and granted exclusive possession of the premises to Mrs. Correale; (2) awarded temporary custody of Michael and Robert to Mrs. Correale; (3) awarded temporary custody of Natalyne and Christian to petitioner; and (4) established visitation rights with respect to the children.

Pursuant to the interim order, petitioner and Mrs. Correale maintained separate residences from September through December 1994; however, as of the close of that year, they had not entered into a written separation agreement and they had not yet been divorced. During the last 4 months of 1994, physical custody of the children was consistent with the mandates of the interim order. On November 28, 1995, the circuit court entered a Judgment of Dissolution of Marriage dissolving the marriage. As of the date of trial in this case, certain custody matters remained in dispute.

On his 1994 Federal income tax return, petitioner claimed dependency exemption deductions for Michael, Robert, Natalyne, and Christian. Mrs. Correale did not sign a written declaration

that she would not claim dependency exemption deductions for Michael and Robert on her 1994 Federal income tax return.

In the notice of deficiency respondent disallowed the dependency exemption deductions claimed for Michael and Robert explaining that petitioner failed to establish that he provided more than one half of their total support.

Discussion

Respondent argues that her adjustments should be sustained because petitioner, as the noncustodial parent of Michael and Robert, is precluded from claiming dependency exemption deductions for those children pursuant to section 152(e)(1), which states:

> (1) Custodial parent gets exemption.  Except as otherwise provided in this subsection, if--
>
> (A) a child (as defined in section 151(c)(3))receives over half of his support during the calendar year from his parents--
>
> > (i) who are divorced or legally separated under a decree of divorce or separate maintenance,
> >
> > (ii) who are separated under a written separation agreement, or
> >
> > (iii) who live apart at all times during the last 6 months of the calendar year, and
>
> (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,
>
> such child shall be treated, for purposes of section (a), as receiving over half of his support during the

> calendar year from the parent having custody for a greater portion of the calendar year (hereinafter referred to as the "custodial parent").

Petitioner argues that he was not legally separated as of the close of 1994 and therefore section 152(e)(1) does not apply. According to petitioner he has satisfied the provisions of sections 151(c) and 152(a) and is entitled to dependency exemption deductions for Michael and Robert. Respondent apparently agrees that, but for the application of section 152(e)(1), petitioner is entitled to the deductions here in dispute.

As of the close of 1994, petitioner and Mrs. Correale (1) were not divorced, (2) were not separated under a written separation agreement, and (3) had not lived apart at all times during the last 6 months of the year. Consequently, the application of section 152(e)(1) depends upon whether as of the close of 1994 petitioner and Mrs. Correale were legally separated under a decree of separate maintenance. In turn, this determination depends upon whether the interim order constitutes a decree of separate maintenance that rendered petitioner legally separated within the meaning of section 152(e)(1)(A)(i). Respondent argues that it does; petitioner disagrees. For the following reasons, we agree with petitioner.

Petitioner's marital status as of the close of 1994 is determined by Illinois law. Deyoe v. Commissioner, 66 T.C. 904,

913 (1976); <u>Muracca v. Commissioner</u>, T.C. Memo. 1980-91.  In that State legal separations are specifically and exclusively provided by statute.  <u>Brand v. Brand</u>, 53 Ill. App. 2d 190, 192-193, 203 N.E.2d 4 (1964).  An action for a legal separation is distinct from an action for a divorce.  Compare 750 Ill. Comp. Stat. Ann. 5/401 (West 1996 Supp.), entitled "Dissolution of marriage" to 750 Ill. Comp. Stat. Ann. 5/402 (West 1993), entitled "Legal separation".  See <u>Petta v. Petta</u>, 321 Ill. App. 512, 53 N.E.2d 324 (1944).

In Illinois a decree issued in connection with an action filed under 750 Ill. Comp. Stat. Ann 5/402 no doubt would constitute a decree of separate maintenance that legally separates a husband and a wife within the meaning of section 152(e)(1)(A)(i), but petitioner and Mrs. Correale were not involved in such an action.  They were involved in an action filed pursuant to 750 Ill. Comp. Stat. Ann. 5/401 (West 1996 Supp.), the object of which was to obtain the divorce that was subsequently granted.

Because neither petitioner nor Mrs. Correale instituted an action against the other in 1994 for a legal separation under 750 Ill. Comp. Stat. Ann 5/402 (West 1993), pursuant to Illinois law they could not have been legally separated as of the close of that year.  The interim order issued in connection with their divorce proceeding did not render them legally separated.  See

<u>Dunn v. Commissioner</u>, 70 T.C. 361 (1978), affd. without published opinion 601 F.2d 599 (7th Cir. 1979) (holding, under similar circumstances, that the taxpayer could not file as a single individual because a temporary order issued in connection with a divorce proceeding did not render the taxpayer legally separated in a State that specifically provided by statute for legal separations).

As of the close of 1994, petitioner (1) was not divorced or legally separated from Mrs. Correale, (2) was not separated from Mrs. Correale pursuant to a written separation agreement, and (3) did not live apart from Mrs. Correale at all times during the last 6 months of that year. Consequently section 152(e) is not applicable. There being no dispute that petitioner has satisfied all of the other requirements necessary for the deductions under sections 151 and 152, see <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934), it follows, and we therefore hold, that petitioner is entitled to the dependency exemption deductions here in dispute.

Because of our holding we need not address petitioner's contention that he was not the noncustodial parent of Michael and Robert.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for petitioner</u>.