James O. Boyd, Plaintiff, v. Agnes Boyd, Defendant.

Gen. No. 64-73.

Fifth District.

May 4, 1965.

1

John R. Sprague, of Belleville, for appellant.

Floyd E. Crowder, of Columbia, for appellee.

EBERSPACHER, P. J.

Plaintiff filed his complaint for divorce in September 1963, charging desertion in September 1961, and alleged that the parties were possessed of 80 acres of land in Monroe County; 2 houses in Dupo, real estate with house and trailer located in Dupo, and a lot with two trailers on Minnie Avenue, in Dupo, and restaurant equipment, all of which, he alleged, "in equity is the plaintiff's property." The prayer of his complaint was for a divorce "and that all duties, rights and claims and obligations be determined and that the Court award plaintiff all real and personal property and that plaintiff have such other and further relief in the premises as equity may require."

Defendant answered, denying the material allegations of the complaint and filed her counterclaim, in which she alleged, that on October 20, 1962, plaintiff deserted her and refused to live with her and persisted in such desertion, three instances of cruelty in April of 1963, lack of means of support or ability to pay attorney fees, the joint ownership of the property "acquired through the joint efforts" of the parties, her ownership of a house and furniture at 222 North 2nd Street acquired by her prior to her marriage, and that plaintiff had since their separation sold livestock and crops jointly owned by the parties and refused to account for her half. She prayed that she be awarded separate maintenance and "a reasonable amount for temporary alimony and a permanent amount of ali-

3

mony; that she be awarded attorney fees; that she be awarded possession and title to 222 North 2nd Street, Dupo, Illinois, and furniture located at 222 North 2nd Street, Dupo, Illinois; that she be awarded equitable share in the jointly owned 80 acres; 8 acres and the jointly owned trailer and lot in 600 block Minnie Avenue, Dupo, Illinois, and the jointly owned house and trailer and lot at 312 North 3rd, Dupo, Illinois; that James Boyd be required to account for the cattle, hogs and crops sold and that he be required to pay Agnes Boyd one-half of the monies received from the cattle, hogs and crops; that an injunction issue restraining James Boyd from selling cattle, hogs and crops; that Agnes Boyd be granted other and further relief as may be equitable."

Plaintiff answered the counterclaim denying the material allegations, admitted the ownership of the property in joint tenancy, denied that it was acquired by the joint efforts of the parties, denied defendant's ownership of the house and furniture at 222 North 2nd Street, and denied that defendant was entitled to any relief on her counterclaim.

The parties entered into the following stipulation:

"By stipulation it is agreed that James O. Boyd shall put in his evidence as to the question of deserting and following that Agnes Boyd will introduce such evidence as necessary for separate maintenance at which time the question of property settlement and related matters shall be determined and all such latter questions shall be reserved until after evidence of desertion and separate maintenance have been introduced and that all testimony with respect to the divorce, separate maintenance and income can stand as to all issues in the plaintiff's case and in the counter-complaint for separate maintenance."

The trial court found that the parties placed before the court the issue of equitable division and adjust-

ment of their property rights, that the equities were with defendant who had proved her counterclaim and that plaintiff had failed to prove the allegations of his complaint for divorce. The decree dismissed the divorce complaint, awarded defendant separate maintenance and ordered plaintiff to pay $200 per month for benefit of defendant, awarded defendant all the real estate except the 80-acre farm and all personal property not awarded to plaintiff. The decree ordered plaintiff to pay all back taxes on the real estate at 222 North 2nd Street and any other back taxes, to pay all outstanding indebtedness of the parties incurred prior to May 4, 1964, except the indebtedness on a 1964 Ford and indebtedness on the 8-acre tract; plaintiff having prior to trial, conveyed his interest in the 8-acre tract to the daughter of the parties. Plaintiff was awarded the 80-acre farm, a 1955 Chevrolet, a 1955 pick-up truck, all farm equipment, livestock and poultry on the 80-acre farm, and items of furniture on that farm except those owned by defendant at the time of this marriage, and other items of furniture which had been previously regarded as defendant's, and provided that both the real and personal property awarded plaintiff should be subject to a lien for the payment of back taxes and indebtedness to be paid by him. The decree allowed defendant 15 days to recover her furniture from the 80-acre farm, and enjoined each of the parties from going upon the other's property, that plaintiff execute the necessary deeds and documents, and that each party pay his own costs and attorney fees.

The evidence showed that the parties had married in 1941, had one child who was married and not dependent upon them, and had until September of 1961 resided on the 80-acre farm. Plaintiff was a locomotive engineer and for the past two years had earnings from his employment in excess of $10,000 per year.

5

In September of 1961 the parties bought a restaurant in Cahokia which defendant operated. Plaintiff helped in the restaurant when not at work on the railroad, until October 1962. There was a conflict of evidence as to whether he wanted her to operate the restaurant, or whether she bought it to get away from the farm; the daughter testified that from September 1961 to October 1962 the parties lived together in Dupo and at the farm, and that after October 1962, defendant continued to go to the farm, 25 miles away, and care for the livestock when plaintiff was gone. Defendant's testimony of cruelty and plaintiff's threats to kill her, denied by plaintiff, were supported by evidence other than her own. The evidence is conclusive that since October 20, 1962, the parties had not lived a normal married life, and that defendant tried to return to the plaintiff but was rejected; he testified, "I would not have taken her back because I am getting out of it." There was no reconciliation of the parties. There was evidence of a severe illness of plaintiff from which he had recovered, and there was evidence that defendant's condition of health was such that she was unable to continue in the restaurant business.

Plaintiff's principal contentions are that the court erred in dismissing plaintiff's complaint for divorce, in awarding defendant separate maintenance, and that the trial court was without jurisdiction to adjudicate the property rights of the parties.

██ ██ Plaintiff cites Deenis v. Deenis, 65 Ill 167, in support of his contention that defendant's right to separate maintenance ceased on resumption of cohabitation or other condonation of the offense giving rise to the allowance. In that case the wife continued to live with her husband for four years after full knowledge of the fact giving rise to separate maintenance. In the instant case, the evidence bears out defendant's contention that she tried to resume cohabitation but

plaintiff always rejected her attempts at reconciliation. Before a defendant's absence may be made the basis for a divorce on grounds of desertion, it must be clear that it is against the will of plaintiff. Karman v. Karman, 24 Ill App2d 123, 164 NE2d 521. In the case at bar, the plaintiff made no attempt at reconciliation, and the living separate and apart was not against his will. The trial court properly dismissed plaintiff's divorce action.

■ We now consider the separate maintenance suit filed by defendant. There is conflicting evidence as to who was the deserter and whether such desertion was voluntary, by consent or otherwise. Absence from the domicile with the intention to return is not desertion. Kennedy v. Kennedy, 87 Ill 250. Whatever the reason or cause of the separation, we conclude from the evidence that these parties have been living separate and apart; that since the separation, the defendant has made numerous attempts to live with her husband but he has always rebuffed such attempts. In Coolidge v. Coolidge, 13 Ill App2d 170, 141 NE2d 636, the court stated that regardless of the cause of the original separation of husband and wife, the wife would be entitled to separate maintenance if she made bona fide offers to return to the family home, which were refused by husband. In the instant case, not only did the plaintiff reject the offers but on at least two occasions, the plaintiff committed acts of violence upon the defendant. The plaintiff denies such acts of violence but it has been held that even though the evidence is conflicting, but there is evidence which if believed, warranted the trial court to find that the parties lived separate and apart because of the husband's extreme and repeated cruelty, such finding will not be disturbed. Everett v. Everett, 25 Ill2d 342, 185 NE2d 201.

7

■ ■ It was primarily for the trial court to consider and determine the weight and sufficiency of the evidence and credibility of the witnesses. Krueger v. Krueger, 47 Ill App2d 134, 197 NE2d 858. The ruling of the trial court cannot be said to be contrary to the manifest weight of evidence and its findings as to separate maintenance will not be disturbed.

■ The record shows that the rule as to determining alimony or support as set out in Goldstine v. Goldstine, 25 Ill App2d 319, 167 NE2d 30, was followed, and the allowance as set by the trial court was not an abuse of its discretion. Plaintiff was 67 years of age and contends that he will be forced to retire in the immediate future, and will then receive only $190 per month, instead of his earnings in excess of $10,000 per year as a locomotive engineer. Adequate provision is made for modification of decrees in the event of a change of condition affecting the ability to pay support.

■ It is plaintiff's contention that the trial court was without jurisdiction to adjudicate the property rights of the parties. Both parties to this suit have cited many authorities in support of their contention. Since action for separate maintenance is purely statutory and the statute is silent as to property rights, it became a general rule that courts had no right to adjudicate property rights in a separate maintenance suit. One of the first exceptions to this rule was Glennon v. Glennon, 299 Ill App 13, 19 NE2d 412, in which the court said that under the liberal provisions of the Civil Practice Act, a wife or husband who seeks separate maintenance may have her or his property rights adjudicated in that action. In Petta v. Petta, 321 Ill App 512, 53 NE2d 324, the court impliedly overruled the Glennon case, in a decision concurred in by two of the three judges who decided the Glennon case. There the court said, at page 519, that if the parties had re-

quested or agreed to have their property rights determined, a different question would have been presented. In an annotation which gives special attention to the "Rule in Illinois," 74 ALR2d 318, sec 5 at p 326, it is stated:

"There is nothing in the decision of the Illinois Supreme Court in separate maintenance cases which justifies the holdings of the Appellate Courts that the property rights cannot be determined in an action for separate maintenance, and there is much in the opinions of the Supreme Court which points in the opposite direction."

In the instant case, the plaintiff filed suit for divorce and prayed that property rights be determined. The defendant in her counterclaim for separate maintenance set forth the property owned by the parties and prayed that an equitable award be made of said property. The plaintiff, neither by motion nor in his answer to the counterclaim, raised the question of the court's jurisdiction to adjudicate property rights in the event separate maintenance was awarded.

▇▇▇ It has been held that a wife should sue at law for her property and join that action at law by a separate count in the same suit. Boker v. Boker, 17 Ill App2d 260, 149 NE2d 774. This would appear to be the proper way to adjudicate property rights in a separate maintenance suit where the question of such rights had not been put in issue by the pleadings.

In Ribergaard v. Ribergaard, 349 Ill App 99, 110 NE2d 89, the complaint was for separate maintenance, and alleged that the parties were the owners in joint tenancy of certain real estate and that the wife claimed an interest therein. Plaintiff prayed for support, and that the right and claims of the parties to the property be adjudicated. The defendant's answer admitted that the parties appeared as joint tenants of record of the real estate described but that none of plaintiff's funds

9

went into the purchase, upkeep or improvement thereof, that it was purchased by defendant prior to the marriage of the parties, and made claim to all the personalty. The reviewing court said, at page 105 of the opinion:

"It is insisted by the appellant that the court erred in adjudicating the rights of the parties, as he had no jurisdiction to do so in a separate maintenance suit. He cites two Appellate Court cases that we think correctly state the law that ordinarily this cannot be done, but under the pleadings of this case an entirely different question arises. The plaintiff asks for an adjudication of the rights, and the defendant by his answer also asks for an adjudication of the rights of the parties and this would give the court jurisdiction then to adjudicate and adjust the rights of the property between them. However, the court did not adjust the rights of the parties so far as the real estate was concerned. No doubt it is the usual rule that in a separate maintenance suit that property rights should not be adjusted as between the parties. Rasmussen v. Rasmussen, 334 Ill App 308; Bennett v. Bennett, 344 Ill App 221; Hopper v. Hopper, 314 Ill App 572. The first case that has been called to our attention that property rights could be adjusted in separate maintenance suits was Decker v. Decker, 279 Ill 300, but in that case the plaintiff asks for an adjudication of the property rights, and the defendant recognized it as being the right by introducing evidence to dispute her rights to any of the property. In Olmsted v. Olmsted, 332 Ill App 454, the court commented upon the Decker case and therein we find the following: 'In the Decker case the plaintiff in her bill for separate maintenance asked for a settle-

ment of the property rights of the parties and for an accounting between them. The defendant in his answer not only did not question the right or power of the court to decree a settlement but he apparently was satisfied to have his rights determined in that proceeding, and during the trial both parties offered evidence in support of their respective claims.' In the present case the defendant not only introduced evidence in regard to the rights of the parties to the property, but asked for it in his answer. It is our conclusion that the court properly adjudicated the rights of the parties, as set forth in the decree."

Some Illinois cases have held that the court may, in an action for separate maintenance, determine property rights which have arisen through the payment of money or other contribution to the accumulation of the property, as distinguished from the property rights which have arisen solely because of the marriage. Grossman v. Grossman, 304 Ill App 507, 26 NE2d 678; Grossman v. Grossman, 312 Ill App 655, 38 NE2d 778; Hopper v. Hopper, 314 Ill App 572, 41 NE2d 786; Pick v. Pick, 16 Ill App2d 150, 147 NE2d 424. In the present case all the property has been accumulated since the marriage with the exception of the property which defendant had inherited prior to the marriage, located at 222 North 2nd Street. The decree has the effect of destroying the inchoate dower interest of plaintiff in that property, since it was not held in joint tenancy. There appears to be no justification to treat it differently than property accumulated by the joint efforts of the parties, particularly when the court properly found the equities to be with the defendant.

 The plaintiff submitted the issue of determination of property rights to the court in his divorce action, joined issue with defendant on the issue of

property rights, and he should not now be heard to complain, that in getting a determination of property rights, the court had no power to adjudicate that issue against his contentions on it. We therefore conclude that the trial court properly determined the property rights of the parties. We cannot say that the settlement was inequitable and affirm the judgment of the circuit court of Monroe County.

Judgment affirmed.

MORAN and GOLDENHERSH, JJ., concur.