JAMES R. O'DONNELL, Plaintiff-Counter Defendant-Appellee, *v.* JANE L. O'DONNELL, Defendant-Counter Plaintiff-Appellant—(TERRYL W. FRANCIS, Attorney-Defendant-Appellant.)

(No. 11509;

Fourth District—June 19, 1972.

Terryl W. Francis, of Granite City, for appellants.

Hutchens and Mann, of Winchester, and Schimmel & Schimmel, of Pittsfield, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On May 25, 1970, Plaintiff-Counter Defendant-Appellee, James R. O'Donnell (hereinafter referred to as "Plaintiff"), filed suit for Separate Maintenance in the Circuit Court of Scott County. On July 30, 1970, with leave of Court, the Defendant-Counter Plaintiff-Appellant, Jane L. O'Donnell (hereinafter referred to as "Defendant") filed her Counterclaim for Divorce on the ground of mental cruelty. Answers were filed to the Complaint and to the Counterclaim. The causes were heard in a bench trial, following which the trial judge entered a Decree for Separate Maintenance and denied defendant's Counterclaim for Divorce. During the course of the proceedings the trial court also entered an order finding both defendant and her attorney in contempt of court. The attorney has joined in defendant's appeal, and is himself an appellant here because of the contempt order.

■■ We initially note that plaintiff's counsel appeared and argued this appeal; appellant did not appear for oral argument. Appellant's Excerpts from the Record were twice stricken for failure to comply with the rules and his brief and argument are in flagrant violation of the provisions of Supreme Court Rule 341. No case citation refers to the pages upon which the pertinent matter appears in any of the reporters cited as required by subparagraph (d) of the rule. The Statement of Facts is argumentative and contains not a single reference to the pages of the record on appeal nor to the pages of the excerpts from the record as required by paragraph (6) of the rule. The statement of the issues is violative of paragraph (2) of the rule in that it is argumentative, and so detailed that in one instance the statement of a single issue is spread over almost a complete page. Under the heading Points and Authorities the appellant listed 14 separate points, three of which were not supported by citation of authority as required by paragraph (5) of the rule, and two of which simply cited a page or a section from "I.L.P.", and the statute was cited, for example, as "Chapter 68, I.R.S. 22, pages 183-184". In at least one instance the argument contains statements of purported fact which are not supported by the record. This recital does not exhaust the list, it is only representative. We would have been fully justified in striking the appellant's brief.

The Chronology of events being of importance, we recite them.

Plaintiff's Complaint for Separate Maintenance was filed on May 25, 1970. Paragraph IV of that Complaint alleged that "* * * the parties are the owners of real estate, household goods, and personal property, *possession of which* plaintiff will require in order properly to care for his said children." Paragraph IV of the prayer requests that "* * * he may be awarded the real estate, household goods, and personal property of the parties." (Emphasis added.) Defendant's Answer to this paragraph of the Complaint for Separate Maintenance stated "The defendant admits that parties own real estate, household goods and personal property, but denies that the Court can award said property to either parties [sic] in a suit for separate maintenance."

Defendant's Counterclaim for Divorce was filed July 30, 1970. Paragraph V of that Complaint alleged "* * * that during their marriage the parties have acquired some equity in a home located in Winchester, Illinois, five rooms of household furnishings, a 1966 Pontiac automobile and a 1955 De Soto automobile." Plaintiff's Answer admitted this allegation. Paragraph (c) of the prayer for relief reads, "That she be awarded the marital home of the parties and the five rooms of houshold furnishings and further that she be given the automobiles for her own personal transportation and use * * *."

On September 23, 1970, the Court entered its Decree of Separate

Maintenance, denied defendant's Counterclaim for Divorce, awarded custody of the children to plaintiff with rights of visitation provided for defendant. The Decree awarded defendant her clothing and personal effects and a set of china which she had acquired prior to the marriage. The trial judge also found that the plaintiff "* * * should have the residence and the remaining household goods in order that he may properly support and provide for the children of the parties.", and ordered defendant to convey her interest in the residence to plaintiff. The decree made no provision for defendant's attorney fees.

On October 1, 1970, a deed was recorded in the Office of the Recorder of Deeds of Scott County, whereby defendant, Jane L. O'Donnell, conveyed her interest in the premises to her attorney, Terryl W. Francis, who as above indicated is a party to this appeal.

On October 7, 1970, defendant by her said attorney, filed a "Motion to Set Aside Decree". The motion was signed by defendant's attorney and had been verified by the defendant on October 2, 1970. One of the grounds urged in the Motion was that "* * * the Court did not have the power * * * [to] rule on any property settlement and there was no evidence in support of property settlement, and the Decree specifies a property settlement which was out of the power of the Court to make." The motion also complained of the failure of the Court to allow attorney fees to defendant.

On the same day, October 7, 1970, defendant, by her said attorney, filed a Motion for a New Trial which also urged that the Court was without authority to award property interests in a Separate Maintenance action, "* * * particularly since there was no evidence to support any property settlement."

On October 23, 1970, plaintiff filed a Petition for Citation for Contempt of Court directed both to defendant and her attorney. The Petition was verified; recited the Decree of Separate Maintenance being entered on September 23, 1970, and that "thereupon by United States Mail, defendant, Jane L. O'Donnell, and her attorney, Terryl W. Francis, were notified that said Decree had been entered." The Petition also recited the execution of the deed by defendant whereby her interest in the premises awarded to plaintiff had been conveyed to attorney Francis and recorded by him, *and alleged that the deed was recorded by him after he had full knowledge of the Court's Decree.*

On October 23, 1970, the trial judge entered a Rule to Show Cause against defendant and her attorney and made the rule returnable on November 12, 1970, at 1:30 P.M., and also set defendant's Post-trial Motions for Hearing on the same date and hour.

On December 3, 1970, the Court ruled on the Post-trial Motions. Its order recites the proof of service of notice of hearing on the Motions; the presence, in open court, of plaintiff and his attorney, and the fact that neither defendant nor her attorney appeared. The trial judge also noted, in the record, that he had been advised by mail that defendant did not desire to attend the hearing on the motions and submitted them without argument. The Court then overruled both of the Post-trial Motions.

The Rule to Show Cause was then called for hearing. The Court's orders recite the proof of mailing notice of the hearing on the rule, the failure of defendant and her attorney to appear and found them to be in default. Neither defendant nor her attorney had filed any pleading in response to the Rule to Show Cause. The trial judge then entered an order finding the allegations of the Petition to be true and adjudged defendant and her attorney, Terryl W. Francis, guilty of willful contempt in the execution, delivery and recording of the deed, which conveyed to Francis, defendant's interest in the premises awarded to plaintiff in the Decree for Separate Maintenance. The order further provided that defendant and her attorney could purge themselves of contempt in the following manner: Attorney Francis to reconvey to defendant, Jane L. O'Donnell, the interest which he had acquired from her under the deed recorded by him in Scott County on October 1, 1970, and defendant then to convey to plaintiff, pursuant to the Decree of Separate Maintenance, all of said conveyances to be completed on or before December 21, 1970.

On December 21, 1970, defendant and attorney Francis filed Notice of Appeal and a bond was filed and approved by the Court.

■■■ Defendant contends that the Court erred in refusing to grant defendant a divorce on the ground of mental cruelty. The defendant's testimony on the issue of mental cruelty was to the effect that the plaintiff seldom showed her any affection, that he had struck her, complained about meals she prepared, had cursed her and did not want her friends to come to their home. Other witnesses called by defendant supported her version of this testimony to varying degrees. Defendant called Doctor Paul Garrison who testified that defendant had no complaints about her nerves. He had prescribed Donetal which he described as a "smooth muscle relaxant used in ulcers". The doctor testified that defendant exhibited no mental disorders and when asked directly if defendant exhibited "nervous disorder" responded "That would be compatible with infection like anybody would have with any type infection." He also testified that his final diagnosis was tonsillitis, and ruled out any lesions

indicating ulcers. He also stated that in his examination and treatment of defendant he found nothing in her condition which would not normally be found in any woman of defendant's age. Plaintiff and his witnesses testified in contradiction to defendant's testimony on the issue of mental cruelty.

"Where certain acts will constitute * * * mental cruelty still depends upon the total factual background surrounding the conduct under question. This includes the particular emotional and personal makeup of the parties, and the varying circumstances under which any of the incidents occurred that may have given rise to the acts." *Stanard v. Stanard*, 108 Ill.App.2d 240, 248, 247 N.E.2d 438; *Loveless v. Loveless*, 128 Ill.App.2d 297, 261 N.E.2d 732.

The trial judge saw the witnesses, weighed their credibility, and found in favor of the plaintiff on the issue of mental cruelty raised by defendant's Counterclaim for Divorce. His findings are not to be disturbed unless they are manifestly against the weight of the evidence. (*Carbrey v. Carbrey*, 108 Ill.App.2d 363, 369, 370, 247 N.E.2d 818; *Fox v. Fox*, 9 Ill.2d 509, 138 N.E.2d 547.) The ruling of the trial judge on this issue is not against the manifest weight of the evidence.

■■ Defendant next contends that a Decree of Separate Maintenance may not be awarded in any case unless the prevailing party is in need of support, citing *Strandquist v. Strandquist*, 22 Ill.App.2d 107, 159 N.E.2d 513, a case which the citator reveals never to have been subsequently cited. We do not read *Strandquist* as standing for the proposition for which it is cited. We note that in its opinion the Court stated "In order to avail herself to the statutory remedy of separate maintenance the burden rested upon appellant to establish two things, first that she was living separate and apart from her husband and second, that she is without fault on her part", and "* * * it clearly appears * * * appellant engaged in a course of conduct * * * which culminated in her husband and daughter leaving the family home * * *." The Court then affirmed the judgment of the trial judge which dismissed the Complaint for want of equity and found that appellee had just provocation for leaving.

■■ Defendant's next contention is stated in the brief as follows: "The Court erred in finding that a wife committed mental cruelty towards her husband after she was separated from her husband and based its judgment awarding the husband a Decree of Separate Maintenance on that evidence where the husband admitted he felt a lot better after she was gone." The Decree of Separate Maintenance contains no finding that defendant was guilty of mental cruelty nor did the trial judge make any

oral finding to that effect. There is no dispute that defendant left the marital home on the date alleged in the Complaint for Separate Maintenance, that she had done so on prior occasions, and there is credible evidence in the record that she frequently went bowling and from there to a bar where she remained until midnight or later; that the plaintiff would, at the end of his working day, come to the bowling alley or bar and take the children home, and that defendant was seen on several occasions in the company of another married man estranged, but not divorced from, his wife. That defendant had written to plaintiff, following their separation, that she did not love him, and that she refused to return to the family home though he requested her to do so. There is clearly sufficient evidence to support the Court's Decree for Separate Maintenance.

■■■ The defendant urges error in the awarding of custody of the minor children to plaintiff claiming this to be an abuse of discretion. We have carefully reviewed all of the testimony bearing on this issue, and see no point in reciting it in detail. We agree with the trial judge that the evidence amply supports his conclusion that the award of custody places the children in a stable home, and in circumstances conducive to their emotional well-being. School records establish the adjustment and excellent progress of the elder daughter, and the evidence also indicates that the children are well cared for. The discretion of the trial judge, exercised in the award of custody of children, will not, and should not, be disturbed on review unless manifest injustice has been done (*Smith v. Smith*, 36 Ill.App.2d 55, 183 N.E.2d 559), and the matter of child custody rests largely in the broad discretion of the trial court. (*Rodely v. Rodely*, 28 Ill.2d 347, 350, 192 N.E.2d 347.) There must be a positive showing to deny the mother of young children the right to custody (*Nye v. Nye*, 411 Ill. 408, 414, 105 N.E.2d 300) but the rule is not an inflexible one since the welfare of the children is the primary concern of the Court. (*Wolfrum v. Wolfrum*, 5 Ill.App.2d 471, 475, 126 N.E.2d 34; *Loveless v. Loveless*, 128 Ill.App.2d 297, 261 N.E.2d 732.) The remarks of the trial judge, at the close of all the evidence clearly indicate his concern with the problem, and he reserved ruling for several days to ponder the question. His order with reference to custody is supported by evidence and does not reveal an abuse of discretion.

Defendant also contends that the trial court erred in awarding the real estate and personal property of the parties to the husband, in the Separate Maintenance action.

■■■ The provisions of Chapter 68, Section 22, Ill. Rev. Stats., 1969, do not authorize the Court to award property interests in a Separate

Maintenance action. The Court is without jurisdiction to enter such a decree. (*Olmsted v. Olmsted,* 332 Ill.App. 454, 456, 75 N.E.2d 774; *Petta v. Petta,* 321 Ill.App. 512, 53 N.E.2d 324; *Loss v. Loss,* 80 Ill.App.2d 376, 224 N.E.2d 271.) However, the rule has been impinged upon in a line of cases which seemingly hold that where the parties in an action for Separate Maintenance (sometimes coupled with a Counterclaim for Divorce) have prayed for this relief, joined issue and introduced evidence concerning property interests, the Court may enter a decree awarding interests in the property of the parties. (*Shapiro v. Shapiro,* 113 Ill.App.2d 374, 252 N.E.2d 93; *Boyd v. Boyd,* 58 Ill.App.2d 1, 207 N.E.2d 350.) For a discussion of the problem see 74 A.L.R.2d 316, 325. It would seem that these cases come perilously close to permitting the conferring of jurisdiction by consent of the parties. Even assuming that the rule enunciated may properly be invoked under circumstances similar to those present in *Shapiro* and *Boyd, supra,* it is clear that the trial court here had no jurisdiction to award property interests. First, while defendant sought such an award as an incident to her divorce action, she consistently denied the authority of the court to make such an award in the Separate Maintenance action. The parties did not "join issue" on the question. Secondly, *neither* party offered any evidence on the question. No pleading states, for example, how title was held, the legal description of the premises was not set forth in either Complaint, no deed was offered in evidence, and neither party testified how the property was purchased, who contributed what to the purchase price or, for that matter, what the purchase price or present value of any of the property was. Thirdly, the plaintiff offered no evidence whatsoever as to his needs. There was no evidence as to his earnings from his employment or other sources of income, and no evidence concerning his expenses or requirements. Lastly his Complaint alleged that he required *possession* of the property. Under these circumstances the award of property interests would be improper, even assuming jurisdiction. The award of property interests must, therefore, be set aside.

■■■ Defendant's attorney insists that the court erred in finding that a wife may not contract for legal services and use her interest in jointly owned property as consideration therefor. The trial court made no such finding, nor, as above mentioned, is there any evidence that the property was "jointly owned". The record is silent as to the respective interests of the parties. Defendant's attorney also complains about the failure of the Court to award attorney fees. He endeavored to have his client, the defendant, testify as to what a reasonable fee for his services would be, and the trial court properly sustained an objection to the question. There

is no evidence whatsoever as to the ability of plaintiff to pay attorney's fees, and in this state of the record it was not error for the trial judge to make no provisions for the fees. Secondly, because of counsel's conduct, he is not entitled to be further heard on the question.

■■ Canon 5, Paragraph DR 5-103 (A) and Canon 7, Paragraph DR 7-106 (A) of the Illinois Code of Professional Responsibility, adopted and effective May 1, 1970, prohibit a lawyer from acquiring a proprietary interest in the subject matter of litigation he is conducting for a client, and also provide that a lawyer "* * * shall not disregard or advise his client to disregard * * * a ruling of a tribunal made in the course of a proceeding, * * *." Defendant's attorney acted in flagrant disregard of these Canons and of his responsibility as an officer of the Court. His procuring of the deed in question was a design calculated to circumvent and thwart the Court's decree. This sort of conduct reflects adversely upon the Court and upon the legal profession. It is not to be tolerated, deserves the strongest censure, and the trial judge would have been warranted in dealing with the matter in a more severe fashion. Defendant's attorney must not be permitted to profit by these tactics. That portion of the Decree directing attorney Terryl W. Francis to reconvey to defendant is affirmed.

The defendant urges numerous other errors relating to rulings on the admission of evidence, endeavors to insert matters of race into the case, etc. We have reviewed all of these contentions by a perusal of the entire record and find no reversible error.

The Decree of the trial court awarding Separate Maintenance to plaintiff, denying defendant's Counterclaim for Divorce, awarding custody of the children to plaintiff and denying defendant's attorney fees is affirmed. That provision of the Decree directing attorney Francis to reconvey to defendant the interest acquired by him under the deed recorded in Scott County, Illinois, on October 1, 1970, is affirmed. That portion of the Decree requiring defendant to convey to plaintiff her interest in the marital home is reversed, as is the order awarding title to the household furnishings to plaintiff.

■■ In view of the fact that the trial judge was endeavoring, by his award of property interests, to insure a home for the children of the parties, we remand this couse for further proceedings in that regard. We note that the award of *possession* of property in a Separate Maintenance action has been held not to constitute an adjudication of property interests and thus within the authority of the Court. (*Springs v. Springs*, 23 Ill.App.2d 51, 161 N.E.2d 479.) We do not decide, of course, the validity of an order, in the event possession be awarded to plaintiff,

which would prohibit defendant from conveying, encumbering or partitioning her interest in the premises during the minority of the children of the parties or until the further order of the Court.

Decree affirmed in part, reversed in part and remanded for further proceedings consistent with the views herein expressed.

Affirmed in part, reversed in part and remanded.

TRAPP, P. J., and CRAVEN, J., concur.