In re the MARRIAGE OF Ethel I. KURTZ and Allan Kurtz.

Upon the Petition of Allan KURTZ, Appellant,

and Concerning
Ethel I. KURTZ, Appellee.

No. 54841.

Supreme Court of Iowa.

June 29, 1972.

James E. Coonley II, of Coonley & Coonley, Hampton, for appellant.

Larry A. High, of Whitesell Law Firm, Iowa Falls, for appellee.

MASON, Justice.

The Second Session of the Sixty-third General Assembly repealed chapter 598, The Code, 1966, embodying the statutes prescribing procedure for divorce and annulment of marriages. In lieu thereof the legislature enacted, effective July 1, 1970, chapter 1266, "an Act relating to a revision of Iowa law governing divorce and marriage annulment and relating to support payments to welfare recipients under decree for dissolution of marriage." The new statute, now chapter 598, The Code, 1971, sets forth procedure for dissolution of marriages and strives to eliminate the specific categories of fault grounds enumerated in the previous statutes—adultery, willful desertion, conviction of a felony, chronic alcoholism, and cruel and inhuman treatment such as to endanger life—as a standard for granting dissolution by adopting the marital-breakdown approach. However, the statute does not specifically prohibit the use of fault evidence.

In the case before us Allan Kurtz, petitioner in dissolution of marriage proceedings brought under the new law, appeals from the trial court's ruling dismissing his petition.

Here we are concerned only with the question whether an adverse judgment and decree granting separate maintenance and denying a counterclaim for divorce in an action determined before our present dissolution of marriage proceedings became effective, bars the unsuccessful party from later seeking dissolution of the marriage under what is now chapter 598, The Code, 1971.

The procedural background giving rise to this issue commenced May 8, 1969, when a decree was entered in the Hardin district court granting the present respondent separate maintenance and denying the present petitioner's counterclaim for divorce. July 6, 1970, this petitioner filed petition for dissolution of the marriage alleging there had been a breakdown of the marriage relationship to the extent the legitimate objects of matrimony had been destroyed and there remained no reasonable likelihood the marriage could be preserved. Petitioner prayed for dissolution of the marriage, visitation rights, disposition of property and taxation of costs against the respondent.

Respondent in answer admitted some allegations of the petition and denied others. In a separate division she alleged commencement of the separate maintenance action in October 1968 in which the present petitioner was defendant; the fact of trial on her petition and defendant's counterclaim for divorce resulted in a decree granting her separate maintenance and dismissing the counterclaim. She further alleged the judgment in those proceedings judicially estopped petitioner from bringing the present action.

A reply and an amended and substituted reply were filed. October 7 the Hardin district court set the matter for hearing on points of law pursuant to rule 105, Rules of Civil Procedure.

The court dismissed the petition on the grounds of having been heard and decided.

In seeking reversal petitioner contends the court erred in dismissing his petition

since the standard for granting dissolution of the marriage relationship under the new statute is different than that required under the repealed statute for granting a divorce or separate maintenance. He also contends the May 8, 1969, decree did not estop him from maintaining the present action nor was the doctrine of res judicata applicable. In his final proposition petitioner maintains chapter 598, The Code, 1971, does not expressly prohibit commencing an action for dissolution under the circumstances here.

I. Under the Iowa law before adoption of what is now chapter 598, The Code, 1971, a cause of action for separate maintenance was not statutory in contrast to divorce actions. However, as the Iowa case law developed, the pattern for the action was nearly identical to one for divorce except as to the remedy afforded. A cause sufficient for granting a divorce had to be established, except that desertion did not have to continue for two years as required for divorce. Peters, Iowa Reform of Marriage Termination, 20 Drake L.Rev. 211, 225. Thus, a separate maintenance action was extremely fault-oriented. Once the decree was entered, if either party later wanted a divorce, a new action had to be instituted. Further, since the doctrine of res judicata was applicable to divorce and separate maintenance actions, any cruelty or evidence relating to any other statutory grounds had to occur after the separate maintenance decree was granted. Gerk v. Gerk, 158 N.W.2d 656, 659 (Iowa 1968); Wignall v. Wignall, 161 N.W.2d 791, 796 (Iowa 1968).

II. Respondent in the present case as plaintiff in the earlier separate maintenance action had alleged cruel and inhuman treatment as a ground for relief. Petitioner in his counterclaim for divorce in that action had urged the identical ground.

■ To entitle a party to relief under the statute then in force, section 598.8(5), The Code, 1966, it was necessary to establish two elements, (1) inhuman treatment by the opposing spouse and (2) danger to life of the injured spouse therefrom. Beno v. Beno, 260 Iowa 442, 445, 149 N.W.2d 778, 780; Lovett v. Lovett, 164 N.W.2d 793, 796–797 (Iowa 1969); Lawler v. Lawler, 175 N.W.2d 103, 108 (Iowa 1970).

As noted, the specific categories of fault enumerated in the previous statute were repealed by chapter 1266. The legislature enacted section 598.17 in adopting the marital-breakdown approach. This section in The Code, 1971, provides in part:

"Dissolution of marriage—evidence. A decree dissolving the marriage may be entered when the court is satisfied from the evidence presented that there has been a breakdown of the marriage relationship to the extent that the legitimate objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved.

"* * *."

Obviously, evidence which would warrant granting dissolution of the marriage relationship under this statute would have been insufficient to justify a separate maintenance or divorce decree based on cruel and inhuman treatment under the statute as it existed before July 1, 1970.

We agree with petitioner the standards which would support a decree under the two statutes, (598.8(5), The Code, 1966 and 598.17, The Code, 1971), have different requirements.

■ Before adoption of chapter 1266, July 1, 1970, Iowa was committed to the doctrine of recrimination; that is, if the evidence shows each party to be guilty of an offense which would give the other party a right to a divorce, it must be denied to each. Nichols v. Nichols, 257 Iowa 458, 460, 133 N.W.2d 77, 79, and authorities cited.

Examination of the May 1969 decree makes it clear the doctrine of recrimina-

tion was given important consideration in the trial court's decision to deny the counterclaim for divorce. The doctrine has now been eliminated as a factor for consideration in dissolution proceedings by this language in section 598.18, The Code, 1971:

"Recrimination not a bar to dissolution of marriage. If, upon the trial of an action for dissolution of marriage, both of the parties are found to have committed an act or acts which would support or justify a decree of dissolution of marriage, such dissolution may be decreed, and the acts of one party shall not negate the acts of the other, nor serve to bar the dissolution decree in any way."

█ This means the fact a party seeking dissolution of the marriage does not come into court with "clean hands" as required of a person seeking divorce or separate maintenance when the doctrine of recrimination was an available defense, no longer serves to bar his petition for dissolution of the marriage.

█ III. The general doctrine of res judicata is too well settled to justify an extended discussion here. Its basis is that a matter once decided is finally decided and may not be again litigated since there is a necessity of a finality to judicial decision. Gerk v. Gerk, 158 N.W.2d at 659. A test of whether res judicata doctrine applies is whether the same evidence will maintain both the present and the former actions. Young v. O'Keefe, 248 Iowa 751, 756, 82 N.W.2d 111, 114.

We have already determined evidence sufficient to justify a decree for dissolution of the marriage under the present law would not sustain an action for divorce or separate maintenance on the grounds of cruel and inhuman treatment under the previous law.

█ Respondent's contention urged in support of the trial court's ruling that the cause claimed by petitioner in the present action is a part of the cause previously adjudicated in the action resulting in the May 1969 decree and is barred by the judgment entered therein is without merit.

Respondent's argument that if a breakdown of the marriage took place it occurred before entry of the May 1969 decree overlooks the fact that at the time of the trial of the earlier action breakdown of the marital relationship was not a basis for termination of the marriage.

Although there is an identity of parties in the two actions, it is clear there is no identity of issues.

The doctrine of res judicata has no application under the facts here.

IV. We hold petitioner was not barred from seeking dissolution of the marriage under what is now chapter 598, The Code, 1971, by the adverse judgment entered May 8, 1969, provided, of course, petitioner can establish his case by competent evidence.

The trial court erred in ruling otherwise.

Respondent filed application for allowance for attorney fees and costs in connection with this appeal. No statement of services rendered nor time spent has been submitted. Consequently, we have nothing upon which to base a determination as to fees. In view of our determination as stated later that the matter must be remanded for proceeding on the merits, the question of attorney fees for services rendered respondent on this appeal should be fixed and determined by the trial court as a part of its decree on final submission of the matter after hearing thereon.

With directions to the trial court to set aside its dismissal of petitioner's petition and to proceed in the matter in accordance with the Rules of Civil Procedure, the case is—Reversed and remanded.

All Justices concur, except UHLENHOPP and McCORMICK, JJ., who take no part.