KATINA L. ANDERSON a/k/a KATHI ANDERSON, Plaintiff-Appellant, *v.* FRANK T. ANDERSON, JR., Defendant-Appellee.

(No. 60864;

First District (2nd Division)—May 20, 1975.

Martin Tiersky, of Chicago, for appellant.

Morgan, Lanoff, Cook & Madigan, of Chicago (Charles J. Morgan and Samuel M. Lanoff, of counsel), for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Katina L. Anderson (hereinafter plaintiff) appeals an order of the circuit court of Cook County which denied her petition to vacate an order granting Frank T. Anderson, Jr. (hereinafter defendant) leave to sell certain corporate stock. The order granting defendant leave to sell the stock was entered pursuant to a separate maintenance decree between these same parties. Plaintiff petitioned the trial court to vacate the order because (a) she had no personal knowledge of the pending motion, and (b) she was the alleged owner of the stock. Her petition to vacate was denied after the court heard arguments on the petition. Plaintiff appeals that decision. While this cause was pending in this court, defendant made a motion to dismiss the appeal which we took with the case. Defendant further requests this court to tax plaintiff with defendant's attorney's fees and reasonable expenses incurred in defending this appeal.

The issues considered by this court in the determination of this appeal are:

(1) is the order appealed from properly before this court?

(2) did the trial court improperly adjudicate property rights in a separate maintenance proceeding?

(3) did the trial court abuse its discretion in denying plaintiff's

petition to vacate the order granting defendant leave to sell certain corporate stock?

(4) should the appellate court impose sanctions on plaintiff for bringing this appeal?

Plaintiff and defendant were married on April 9, 1965, in Chicago, Illinois. On November 8, 1971, plaintiff, a resident of Cook County for at least 1 year prior to her action, filed a complaint for divorce against defendant. This complaint was subsequently amended to become a complaint for separate maintenance. Defendant filed an answer and counterclaimed for divorce.

In her verified complaints, plaintiff alleged defendant owned stock in Chicago Cutting Die Company (Company) and requested that this stock be sequestered for possible payment of sums due plaintiff upon termination of this litigation. Defendant admitted ownership of the stock in his pleadings, and it was disclosed at trial that plaintiff held a voting trust certificate for the stock.

· On April 18, 1974, a decree for separate maintenance was entered in plaintiff's favor, denying defendant's counterclaim for divorce and awarding plaintiff certain alimony and back support payments and attorney's fees, as well as other financial benefits. The decree ordered plaintiff to surrender the voting trust certificate for the stock to her attorney so that the voting trust agreement under which the stock was held might be terminated. The underlying stock certificates were to be held by defendant's attorney subject to further order of the court and subject to "* * * application by Frank Anderson, Jr., for possible sale of such stock in order to satisfy the obligations of the defendant under this Decree and other obligations of the defendant." The trial court reserved jurisdiction of this cause until the terms of the decree were fully satisfied.

On May 23, 1974, defendant filed a "Petition to Sell Stock Pursuant to Decree." Defendant served plaintiff's attorney of record with notice of the petition. The attorney appeared at the hearing on defendant's petition, but he failed to notify plaintiff prior to the said hearing, and she therefore was neither present at, or consulted with her attorney prior to the hearing. After a hearing the trial court granted defendant leave to sell said stock and specified how the proceeds of that sale were to be distributed.

On June 4, 1974, plaintiff petitioned the trial court to vacate the order giving defendant leave to sell the stock. In said petition plaintiff alleged she had no personal knowledge of the pendency of defendant's May 23, 1974, petition to sell the stock; that the adjudication of property rights was beyond the scope of a separate maintenance proceeding; that she was the true owner of the stock; and that the record contained no evidence to substantiate that the proposed sale price was a fair and reason-

able value for the stock. After a hearing on plaintiff's petition, the court denied her request to vacate the order. Plaintiff continued in her refusal to turn over the voting trust certificate until a petition to show cause was entered against her. She surrendered the voting trust certificate on July 9, 1974—2 weeks after filing her notice of appeal from the denial of her petition to vacate the circuit court order allowing defendant to sell 231 shares of stock in the Company. Defendant requests this court impose sanctions on plaintiff for bringing this appeal.

## I.

During the pendency of the appeal, defendant filed a motion to dismiss the appeal alleging the appeal was moot by virtue of the plaintiff accepting the benefits of a final decree, and that for failure to take an appeal from the final decree, the matter is res judicata. Plaintiff's appeal is before this court as the result of the trial court's refusal to vacate not a final decree, but an order entered to implement said final decree. Defendant urges this court to dismiss the appeal because it is not a final or appealable order.

The 1970 Illinois Constitution, article VI, section 6 assures, as a matter of right, appeals from final judgments of a circuit court to this court. The same section further provides that appeals to this court from other than final judgments shall be pursuant to the Rules of the Supreme Court. A final judgment, decree or order is one disposing of the merits of the case so that if affirmed the trial court has only to proceed with the execution of the judgment. 2 I.L.P. Appeal and Error § 106 (1953).

Under the terms of the April 18, 1974 decree for separate maintenance, the trial court reserved jurisdiction of the matter until the terms of the decree have been fully complied with. It was necessary in the carrying out of the provisions of said decree that the voting trust certificate for the stock of the Company be surrendered, and that the stock certificate be held by defendant's attorney pending the defendant's application to the trial court for possible sale of such stock pursuant to the decree.

■ As stated by this court in *Bernard Brothers, Inc. v. Deibler* (2nd Dist. 1951), 344 Ill.App. 222, 228, 100 N.E.2d 512: "The test is whether the decree terminates the litigation on the merits, or whether it retains jurisdiction for future determination of matters of substantial controversy." The compliance with the trial court's order by the defendant of the obligation to pay certain amounts of money to and on behalf of plaintiff was a substantial part of the decree. As detailed in the accompanying footnote,[1]

---

[1] The decree for separate maintenance required the defendant to pay $18,054.82 in past due temporary support plus $280 per month thereafter and approximately $15,000 in bills incurred by plaintiff and $6,500 attorney's fees.

the defendant was obligated to pay to and on behalf of the plaintiff approximately $40,000. The value of the stock and the question of whether the proceeds of the sale of the stock could satisfy the decree was a critical phase of the order. Thus the trial court retained jurisdiction until that question was resolved. In our opinion the April 18, 1974, decree was not final. See *Impey v. City of Wheaton* (2nd Dist. 1965), 60 Ill.App.2d 99, 103, 208 N.E.2d 419; *cf. Hunter v. Hunter*, (1881), 100 Ill. 519.

■■ We therefore conclude that the April 18, 1974, decree, so far as this issue is concerned, was not the final order, and that this court has jurisdiction to determine the merits of the issue presented. We hasten to add so that this holding is not misinterpreted, we are *not* holding that each time a trial court in its decree reserves jurisdiction that the decree is not final. Our holding is based on the facts of this case and the principle that where the court retains jurisdiction for future determination of substantial matters, as determined form the facts of each case, then a decree may not be a final appealable order. We therefore deny defendant's motion to dismiss the appeal.

## II.

■■ Plaintiff contends the determination of property rights in connection with a separate maintenance proceeding is improper. The plaintiff properly points out that Illinois law does not authorize the court to determine property interests in a separate maintenance action. (Ill. Rev. Stat. 1973, ch. 68, par. 22; *O'Donnell v. O'Donnell* (4th Dist. 1972), 5 Ill. App.3d 870, 877-78, 284 N.E.2d 682.) However, when parties ask the trial court for relief as to certain property and join issue, they have submitted their property rights to the court which may then enter a decree concerning that property. *Shapiro v. Shapiro* (1st Dist. 1969), 113 Ill.App.2d 374, 380-82, 252 N.E.2d 93.

Plaintiff alleged defendant's ownership of the Company stock in both her original complaint for divorce and her amended complaint for separate maintenance. Defendant admitted ownership of the stock. There was no issue to be resolved regarding this property other than plaintiff's right to collect from it any amounts which might be due her as a result of this litigation. It was on plaintiff's motion that the court sequestered the stock. The stock was set aside to secure a fund from which to pay defendant's obligations. Plaintiff is the party who put the rights to the stock within the court's consideration, and she should not now object to the trial court's compliance with her request. At no time during the separate maintenance proceeding, nor within 30 days after the decree issued, did plaintiff object to the decree provision permitting defendant to sell the Company stock to cover defendant's obligations.

■■ The trial court's order allowing defendant to sell the stock pursuant to the decree for separate maintenance was not improper.

### III.

Plaintiff contends the trial court erred in failing to grant her petition to vacate the order giving defendant leave to sell certain stock in the Company. Our Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 50(5)), provides:

> "The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

The movant bears the burden of showing the justification for the relief sought (see *Pirtle v. Thomas* (1st Dist. 1971), 3 Ill.App.3d 58, 278 N.E.2d 181 (abstract opinion); 23 I.L.P. *Judgments* § 180 (1956); *cf. Esczuk v. Chicago Transit Authority* (1968), 39 Ill.2d 464, 236 N.E.2d 719), and the trial court's decision will not be reversed absent a showing of an abuse of discretion. See *Beta Engineering, Inc. v. E. W. Bliss Co.* (1st Dist. 1973), 9 Ill.App.3d 1031, 293 N.E.2d 674; *Pirtle.*

■■■ The test to determine whether there was an abuse of discretion in a refusal to vacate a judgment is whether the refusal violates the moving party's right to fundamental justice and manifests an improper application of discretion. In the case at bar, plaintiff had a hearing on her petition to vacate, at which the court heard counsel's arguments. The trial court also had before it the record of the proceedings below. This record revealed plaintiff in her own verified complaint alleged defendant owned stock in the Company. Plaintiff requested the stock be sequestered. Plaintiff never contested the provisions of the separate maintenance decree which specified she should turn over the voting trust certificate, and that defendant could petition the court to sell the Company stock to pay his obligations under the decree, as well as other obligations. Plaintiff accepted the benefits of the decree fashioned under her allegations that defendant was the owner of the stock.

Plaintiff was represented by her counsel at the hearing on defendant's petition to sell the stock. The record indicates plaintiff's counsel did not know of plaintiff's claim of ownership until shortly before the filing of the June 4 petition. Plaintiff allowed her attorney to proceed with her case while he believed the stock was owned by defendant. Under these circumstances plaintiff is bound by her silence to her attorney just as a defaulted party may be bound by his silence.

We find no abuse of discretion by the trial court in the case at bar. Its refusal to grant plaintiff's motion to vacate the order granting defen-

dant leave to sell certain stocks to pay his obligations under a separate maintenance decree did not violate plaintiff's fundamental rights.

## IV.

Finally, we address defendant's prayer that we impose sanctions on plaintiff for bringing this appeal. Defendant requested this court order plaintiff to pay defendant's attorney's fees and reasonable expenses incurred in defending this appeal. Section 41 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 41) allows a party to recover reasonable expenses and reasonable attorney's fees incurred because of the allegations or denials made by another party without reasonable cause, not in good faith, and which are which are found to be untrue.

■■ While Supreme Court Rule 366 (Ill. Rev. Stat. 1973, ch. 110A, par. 366), allows the appellate court to make any order that ought to be made, we do not believe a section 41 type sanction should be imposed here. The defendant never asked for this relief in the trial court. Since the trial court made no ruling on the frivolity (as characterized by defendant) of plaintiff's petition because defendant never raised this issue in the trial court, it should not be allowed on appeal. *Cheadle v. County Board of School Trustees* (3rd Dist. 1974), 20 Ill.App.3d 212, 217, 313 N.E.2d 196.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS and LEIGHTON, JJ., concur.