In the Matter of the ESTATE OF Francis CARLISLE, Deceased.

Dorthy L. Carlisle, Surviving Spouse, Appellant,

v.

Kathy Hundoble and Cindy Schmidt, Coexecutors of the Estate of Francis Carlisle, Appellees.

No. 01–1992.

Supreme Court of Iowa.

Nov. 14, 2002.

Brian C. Ivers of McDonald, Stonebraker, Cepican & Woodward, A P.C., Davenport, and Eric M. Knoernschild of Hintermeister & Knoernschild, Muscatine, for appellant.

Steven J. Havercamp, Rachel R. Watkins Schoenig, and Curt A. Oppel of Stanley, Lande & Hunter, Muscatine, for appellees.

LARSON, Justice.

Dorthy Carlisle appealed from a district court ruling that her surviving-spouse benefits under Iowa Code chapter 633 (1999) had been extinguished by a prior decree of separate maintenance. We disagree and therefore reverse and remand.

### I. *Facts and Prior Proceedings.*

Francis and Dorthy Carlisle had been married for sixty-five years when, in 1998, Dorthy fell and broke her hip. She wanted to install a bathroom on the first floor of their home to accommodate her resulting disability. Francis refused because it would be too expensive to cut into the limestone walls of their home. Dorthy moved in with her daughter. On August 16, 1999, she filed a petition for legal separation and maintenance. Francis answered and counterclaimed for a decree of dissolution. Francis acknowledged that

his wife "has been a wonderful lady and this action should never have happened." Nevertheless, he wanted a dissolution because he did not want Dorthy to request more property from him.

On May 23, 2000, the district court entered a decree of separate maintenance. The court's opinion stated that, "There has *not* been a breakdown in the marital relationship to the extent that the legitimate objects of matrimony have been destroyed." (Emphasis added.)

Iowa Code section 598.21(1) provides:

Upon every judgment of annulment, dissolution, or separate maintenance the court shall divide the property of the parties and transfer the title of the property accordingly.

Pursuant to this statute, the court divided the parties' assets, including their home on thirty-four acres of land, which the court divided as tenants in common. The decree provided that, when Francis was no longer able to reside in the home, it would be sold and the proceeds divided. The decree stated, "Each party shall keep the property currently in their possession free and clear of any claim on behalf of the other."

Francis died on August 6, 2001, leaving a will dated July 25, 2000. The will specifically excluded Dorthy: "I am purposely making no provision in my Will for my wife, Dorthy L. Carlisle or my daughter, Linda L. Grunder, or one of my grandchildren...." The executor of Francis' estate filed this petition for a declaratory ruling to determine Dorthy's rights in Francis's estate.

The district court ruled that, following entry of a separate-maintenance decree, Dorthy was not a "surviving spouse" and therefore she (1) could not elect against Francis's will, Iowa Code § 633.236; (2) could not elect to occupy the homestead as a surviving spouse, Iowa Code § 633.240; and (3) was not entitled to support as a surviving spouse, Iowa Code § 633.374. The court's opinion stated in part:

It seems illogical for the Decree of Separate Maintenance to divide marital property, to extinguish all rights Dorthy Carlisle had in Francis Carlisle's resulting separate property, but then to have the interest in their marital property reborn as a result of his death.

## II. *Disposition.*

Francis's estate and Francis's niece, as a beneficiary under his will (collectively "the estate"), rely primarily on Iowa Code section 598.20:

When a dissolution of marriage is decreed the parties shall forfeit all rights acquired by marriage which are not specifically preserved in the decree.

According to the estate's argument, Dorthy lost her spousal rights under chapter 633 because those rights were not "preserved" in the separate-maintenance decree. We do not agree. Section 598.20 applies by its terms only to dissolution actions. The estate rejects this interpretation of section 598.20, arguing that Iowa Code section 598.28 makes section 598.20 applicable to separate-maintenance actions as well as dissolution actions. Section 598.28 provides:

A petition shall be filed in separate maintenance and annulment actions as in actions for dissolution of marriage, and all applicable provisions of this chapter in relation thereto shall apply to separate maintenance and annulment actions.

Section 598.28, however, cannot be given the broad application urged by the estate. The operative words in section 598.28 are "all applicable provisions of this chapter in relations thereto shall apply to separate-

maintenance ... actions." Many of the provisions of chapter 598 are necessarily applicable to separate-maintenance actions as well as dissolutions because of the need to provide a detailed procedural framework to a cause of action that previously existed only at common law. *See In re Marriage of Kurtz,* 199 N.W.2d 312, 314 (Iowa 1972) ("Under the Iowa law before adoption of ... chapter 598 ... a cause of action for separate maintenance was not statutory in contrast to divorce actions."). We believe the Code sections that are applicable to all dissolution, separate-maintenance, and annulment cases are those that are procedural in nature. *See, e.g.,* Iowa Code § 598.2 (jurisdiction and venue); § 598.4 (caption of petition); § 598.5 (contents of petition); § 598.7 (verification and evidence); § 598.8 (hearing procedures); § 598.9 (residence and failure of proof); § 598.13 (financial statements); and others.

Other sections in chapter 598 are clearly not applicable to separate-maintenance actions. These statutes go beyond procedure and determine substantive rights of the parties. For example, section 598.17 applies by its terms only to dissolution decrees. It applies the requirements of a breakdown of the marriage in order to obtain a dissolution decree. Applying section 598.17 to a separate-maintenance action would be inconsistent with the purpose of section 598.17, which is to terminate the marital relationship as opposed to preserving it in a separate-maintenance action.

Section 598.20, the statute at issue in this case, is another example of a provision that is not applicable to separate-maintenance actions. First, it suggests by its language that a dissolution decree is a condition precedent to application of the statute. It provides *"[w]hen a dissolution of marriage is decreed...."* (Emphasis added.) In contrast to this limited scope, the legislature could have provided a broad scope to section 598.20, as it did in three subsections of the very next section. Subsection (1) of section 598.21, which is applicable to the division of property, begins: *"Upon every judgment of annulment, dissolution or separate maintenance* the court shall divide the property of the parties...."* (Emphasis added.) Identical language is repeated in subsection (3) dealing with spousal support and subsection (4)(a) dealing with child support.

Further militating against the application of section 598.20 to separate-maintenance decrees is the fact that this section does not mention any rights that would be forfeited under chapter 633. We believe if the legislature had intended to cut off rights of a surviving spouse that are provided by chapter 633, it would have at least referred to that chapter and would not have left it to implication by the interpretation of a dissolution provision in another chapter of the Code. In order for us to say the wife is not entitled to the benefits of a surviving spouse, we would have to say, as the district court did, that "Dorthy Carlisle is not a surviving spouse." We do not believe that is correct.

We conclude that Dorthy Carlisle is a surviving spouse for purposes of chapter 633, and she did not lose those rights by reason of section 598.20 through a separate-maintenance action. Accordingly, we reverse the judgment of the district court and remand for entry of an order applying this ruling.

**REVERSED AND REMANDED.**

All justices concur except TERNUS and CADY, JJ., and LAVORATO, C.J., who dissent.

TERNUS, Justice (dissenting).

I respectfully dissent because I believe the majority has misinterpreted Iowa Code section 598.28. That statute provides:

A petition shall be filed in separate maintenance and annulment actions as in actions for dissolution of marriage, *and all applicable provisions of this chapter in relation thereto shall apply to separate maintenance and annulment actions.*

Iowa Code § 598.28 (emphasis added). The determinative issue in this case is whether the emphasized language has the effect of making section 598.20, providing for the forfeiture of marital rights upon a dissolution of marriage, applicable to separate maintenance actions. Contrary to the majority's conclusion, I think it does.

The majority interprets section 598.28 to make applicable to separate maintenance actions any *procedural* provision of that chapter governing dissolution actions. I think the language of section 598.28 indicates a much broader scope, an interpretation supported by our case law.

Nearly identical statutory language was at issue in *Ricard v. Ricard,* 143 Iowa 182, 121 N.W. 525 (1909). In that case, the husband had filed a petition seeking annulment of his marriage on the basis that his wife was already married to a gentleman by the name of "Count Predosa." *Ricard,* 143 Iowa at 183, 121 N.W. at 525. His wife sought alimony. *Id.* The court stated "the statute does not make specific provision for alimony in cases of this kind." *Id.* (noting the only provision for alimony in annulment cases was for "the innocent party," a status not enjoyed by Mrs. Ricard). Nonetheless, the court relied on the predecessor to section 598.28, Iowa Code section 3183 (1897), as authorizing the court to award alimony in annulment cases pursuant to the statute allowing ali-

mony in divorce cases. *Ricard,* 143 Iowa at 183–84, 121 N.W. at 525. The court quoted section 3183, which provided:

A petition shall be filed in such cases [annulment] as in actions for divorce, and *all the provisions of this chapter in relation thereto shall apply to such cases,* except as otherwise provided.

Iowa Code § 3183 (1897) (emphasis added). Noting that there was provision made in the law "for the allowance of alimony in the case of divorce," our court concluded:

[I]f the section of the statute which we have set out above [section 3183] is to be given any force or effect at all, it must be held that alimony may be awarded in proper cases brought to annul a marriage alleged to be illegal.

*Ricard,* 143 Iowa at 184, 121 N.W. at 525.

Contrary to the limited scope given the present-day statute by the majority, this court clearly interpreted the predecessor statute to make substantive provisions of chapter 598 that apply to dissolution actions equally applicable to annulment actions. I think the language of section 598.28 calls for a similar interpretation. There is simply nothing in the statute itself that supports its restriction to procedural matters only.

The language "all *applicable* provisions of this chapter *in relation thereto* " refers to the prior words, "actions for dissolution of marriage." Thus, the language "all applicable provisions of this chapter in relation thereto" encompasses the provisions of chapter 598 that apply to "actions for dissolution of marriage." When this concept is substituted for the language, "all applicable provisions of this chapter in relation thereto," the statute would read: all provisions of chapter 598 that apply to actions for dissolution of marriage "shall apply to separate maintenance ... ac-

tions." *See Ricard*, 143 Iowa at 184, 121 N.W. at 525 (interpreting nearly identical predecessor statute in this fashion).

Section 598.28 just cannot mean, as the majority asserts, that only *procedural* provisions of chapter 598 that apply to dissolution actions "shall apply to separate maintenance ... actions." Such a narrow interpretation of the statute is simply not supported by the words chosen by the legislature. Like it or not, section 598.28 makes section 598.20 applicable to separate maintenance actions because section 598.20 is "[an] applicable provision[ ] of this chapter in relation [to actions for dissolution of marriage]," which, by the express terms of section 598.28, "shall apply to separate maintenance ... actions."

The simple fact that section 598.20 refers only to dissolution actions is no support for the majority's position. If the disputed language of section 598.28 is to have any meaning, it must make applicable to separate maintenance actions provisions of chapter 598 that, by their express terms, do not otherwise apply to separate maintenance actions. Thus, the mere fact that section 598.20 refers only to dissolution actions does not prevent section 598.28 from expanding the scope of section 598.20 to include separate maintenance actions. That is exactly what this court did in *Ricard* in applying a statute allowing alimony in divorce cases to annulment actions.

Although there may be provisions of chapter 598 governing dissolution that so clearly conflict with express requirements for separate maintenance actions that a choice must be made as to which statute prevails, such a conflict can be resolved by application of legal principles addressing the resolution of such conflicts. *See* Iowa Code § 4.7 (providing that a special statute prevails over a more general provision). In the present case, though, there is nothing inconsistent in applying section 598.20 to separate maintenance actions. *See Boyd v. Boyd*, 58 Ill.App.2d 1, 207 N.E.2d 350, 355 (1965) (holding, in absence of statute requiring this result, that where the court awarded separate maintenance and divided the parties' property, "[t]he decree ha[d] the effect of destroying the inchoate dower interest of [the husband] in that property"). *See generally Ricard*, 143 Iowa at 184, 121 N.W. at 525–26 (discussing soundness of applying divorce alimony statute to annulment action). Under section 598.21, property of the parties in a separate maintenance action is divided by the court and awarded to the parties in the same manner followed in dissolution actions and using the same criteria applied in dissolution actions. *See* Iowa Code § 598.21 (providing for division of property in annulment, separate maintenance and dissolution proceedings). It is entirely consistent, then, to treat the property rights of one party upon the death of the other party the same in separate maintenance actions as in dissolution actions. That is what section 598.28 requires.

As the majority notes, prior to the adoption of chapter 598, a cause of action for separate maintenance was not statutory. *See In re Marriage of Kurtz*, 199 N.W.2d 312, 314 (Iowa 1972). Under the common law, a court entertaining a suit for separate maintenance had no authority to divide the parties' property or otherwise adjudicate their property rights. *See* 41 Am. Jur.2d *Husband and Wife* § 211, at 141 (1995). Thus, when Iowa incorporated separate maintenance actions into chapter 598, it expanded the scope of such actions to allow adjudication of property rights, just as in dissolution actions. Applying section 598.20, then, is consistent with the *statutory* separate maintenance action in Iowa, which permits the court in a separate maintenance action to decide the iden-

tical property issues that are adjudicated in dissolution actions. Section 598.28 and section 598.20 have the effect of simply making any division of property by the court final and not subject to redistribution to the other party under the probate code, an eminently reasonable and fair result.

I would affirm.

LAVORATO, C.J. and CADY, J., join in this dissent.